## STATE vs. WILLIAM FISHER.

*Breaking into Dwelling-house—Intent to Commit Rape—Circumstantial Evidence—Reasonable Doubt—Best Evidence.*

1.  The defendant in a criminal case being called as a witness in his own behalf cannot be asked upon cross-examination, "Were you ever convicted in this Court of house-breaking," because the best evidence of the fact would be the records of the Court, and they are of easy access.

2.  In an indictment for breaking and entering into a dwelling-house in the night time with intent to commit rape, it is necessary for the State to prove (1) that the dwelling-house was broken and entered into by the defendant, and (2) that it was done by the defendant with the intent to commit rape upon the female named in the indictment ; but it is not necessary to prove that such intent was in fact executed. The house must be shown to be a dwelling-house and actually inhabited at the time of the offense. The breaking of the house may be actual, by the application of physical force, or constructive, as where the entrance is obtained by fraud, threats or conspiracy.

3.  The intent to commit rape also includes the design and purpose to accomplish it with force and against the will of the woman, or by putting her in great fear and terror, and the burden is upon the prosecution to show such design and purpose. The circumstances must be such as to show that it would have been rape had the accused executed his felonious assault.

4.  The intent may be proven by direct evidence, such as the express declaration of the accused, or by indirect or circumstantial evidence, such as the acts and conduct of the prisoner, and the facts and circumstances attending them. But when the evidence is circumstantial the jury must be fully satisfied not only that the circumstances proved are consistent with the prisoner's having committed the act and with the intent charged as constituting the crime, but they must also be likewise satisfied that the facts are such as to be inconsistent with any other rational conclusion than that the accused is guilty of the alleged offense.

5.  If the jury are satisfied that the defendant is guilty of the breaking and entering into the dwelling-house, but not guilty of the intent to commit rape as charged, they may, under the statute, find him guilty of the breaking and entering only.

6.  Reasonable doubt defined.

(*May 28, 1898.*)

LORE, C. J., and SPRUANCE and GRUBB, J. J., sitting.

*Robert C. White*, Attorney-General, and *Peter L. Cooper, Jr.*, Deputy Attorney-General, for the State.

*John P. Nields*, for the defendant.

At a Court of Oyer and Terminer in New Castle County, beginning May 24, 1898, the defendant was tried upon the charge of breaking a dwelling-house with intent to commit rape. When put upon the stand to testify in his own behalf Fisher was asked in cross-examination, by the State, the following question as affecting his credibility, viz :

Have you ever been convicted in this Court of housebreaking?

Objected to by counsel for defendant on two grounds:

*First.* That the record was the best evidence.

*1 Greenleaf on Evidence, Section 375; Section 3, Chapter 598, Volume 11, Laws of Delaware, (Revised Code, 797).*

*Second.* That the witness was not bound to answer a question that tended to render him infamous in the eyes of the community.

*People vs. Herrick, 13 Johnson's Reports (N. Y.), 82; The King vs. The Inhabitants of Castell, 8 East, 77: 1 Greenleaf on Evidence, Sec. 458; Rex vs. Lewis, 4 Esp., 225.*

The State contended that they were not obliged to prove conviction by the record, but were permitted to ask the witness on cross-examination not only whether he had been convicted of a crime, but whether he had been arrested for a crime, whether he had been in jail, whether he had been whipped; anything that would tend to disgrace him in the minds of the jury or affect his credibility as a witness, and not as a defendant ; that the authorities cited were not applicable to the case because the test there was to discover whether or not the witness was competent to testify and there was a danger that the witness might falsify the record in his desire to testify or not to testify. But in the case at bar there was little or no danger that the witness would falsify the record as against himself and say that he had been

convicted of a crime, when as a matter of fact he had not been convicted, and that therefore the reason for the rule that the record should be produced as the best evidence was not applicable to the case at bar.

*State vs. Bacon, 8 Criminal Law Magazine, 83; State vs. Elwood (R. I.), 24 Atl. Reporter, 782; State vs. Miller (Mo.), 13 So. Western Rep., 836; Wharton's Criminal Evidence, Sec. 474; Smith vs. State, 20 Atl. Reporter, 1026; Light vs. State, (Tex.), 17 So. Western Rep., 428; Parker vs. State, (Ind.), 35 N. E. Rep., 1105; Baker vs. State (Ark.), 25 So. Western Rep., 513; People vs. Foote (Mich.), 52 N. W. Rep., 1036; Clemens vs. Conrad, 19 Mich., 170.*

GRUBB, J:—The question put to the witness by the State is this: "Have you ever been convicted in this Court of housebreaking?" The counsel for the prisoner has objected to the admissibility of the prisoner's answer to the question on one ground that the best evidence of his conviction in this Court is the record of his conviction, which is in this Court and available for immediate use. In view of these circumstances, it is the opinion of the majority of this Court that we should not allow the prisoner, who is a witness in his own behalf in this case, to answer the question, because to do so would be to undertake to prove by parol testimony that which is evidenced by written record testimony of this Court, and the very best and highest testimony; which, as I said, is in this Court and available to the State. Therefore it is not unreasonable for us to insist upon the observance of the general and well recognized rule of evidence, that where the best evidence exists and is obtainable it alone is admissible and that all other testimony is excluded.

There is another matter to be considered in this connection, and that is that the courts in this State, in this county—and probably in each of the other counties—have admitted testimony of this character. I myself do not recall any instance where the question has been asked precisely under the circumstances of this case; that is, whether the witness has been convicted of any offense in the very court in which he is testifying and where the

record is. But even assuming that we have allowed a witness to answer that question without requiring the production of the record of his conviction to prove it to the jury for the purpose of affecting his credibility before the jury, and even although it may have been done (and I remember no case myself where it has been done where the question was formally raised, considered, argued and decided), we can find certainly so far no reported case. Therefore, in the absence of any reported case of that kind covering this particular point, although we may have allowed it to be done in some instances, still we do not consider that that has established the law in this State in such a manner as to be controlling upon us now, and in a case like this, where the question is formally presented and considered, and in a capital case, we do not feel that we are under any obligation to be controlled by what may have been allowed in some other one or more cases, even if it had been a case precisely of this kind, without being formally raised and argued and deliberately considered and decided to be allowable under the law. So that we treat it now, especially in a case of this magnitude, as if it was for the first time raised and formally presented, thoroughly argued, deliberately considered and solemnly decided; especially, as I say, since in our judicial reports of this State we know of no instance in which the question has been formally passed upon by the courts.

While I am opposed personally—and have heretofore so declared myself in a dissenting opinion—to any ruling which overrides a decision where the question has been solemnly adjudicated by a unanimous Court, and where we have satisfactory evidence of that fact, either in the printed report or upon the assurance of a Judge who sat in the case and is positively clear about the question having been there decided; yet, so far as this case is concerned, although I have been on the bench longer than any of my brethern, I remember no case in which this question has been formally decided, and I find none in the reports. And I do not feel, therefore, required to follow what I consider a practice at variance with sound principles of law, nor do I think the Court is obliged to do it under the present circumstances; especially where a writ of error can be taken, as it can be now in

criminal cases under our recently adopted Constitution. The ground I have taken, and expect to adhere to, unless I see very good ground to the contrary, where there is a writ of error and a higher court to correct our error, is that we ought to follow the adjudications of our courts where they are clearly known, and not to undertake to overrule them, or set them aside, or disregard them in this Court, but let their correction be left to the Court above.

But such is not this case. For, as I said, we know of no case in which this precise question now before us has formally been decided. There is no such case in our reports, and I have no satisfactory information that it has heretofore been formally presented, deliberately considered and solemnly decided.

SPRUANCE, J. (concurring):—The question propounded by the State to the witness—who is now on trial for his life—is: "Have you ever been convicted in this Court of house-breaking?"

The primary object of the question is to impeach the credibility of the witness, but the more serious result of proof of such conviction would be its probable influence upon the jury in determining his guilt or innocence of the crime of which he now stands charged.

While we should in such case make no new rule of evidence, we should be careful in the decision of a question fraught with such serious consequences.

The counsel for the prisoner objects that the answer of the witness would not be the best evidence of the fact; that if so convicted the best evidence of it will be found in the records of this Court.

A different case would be presented if the supposed conviction was in some other court, the records of which would not be immediately accessible. In such a case there might be some reason in the suggestion that the State might be taken by surprise if the evidence of conviction was limited to the record.

But even in such a case it might be fairly answered that under our statute permitting a prisoner to testify in his own

behalf the State has, in every case, notice that the prisoner will probably be called to testify if he can say anything in his own favor, and therefore the State should be prepared to produce a copy of the record of conviction by another court.

Greenleaf says: "That when the question involves the fact of a previous conviction it ought not to be asked, because there is higher and better evidence which ought to be offered."

*1 Greenleaf on Ev., Sec. 457.*

This appears to have been the rule at common law.

In some of the States this rule has been departed from upon full and careful consideration, but after hearing those cases the reasons which have been given for the change are not satisfactory to my mind, and I think it is safer for us to adhere to the old rule upon the subject.

It is true that in this Court it has been usual to put similar questions, but this has been where there was no objection.

So far as is known the question has never before been raised and argued in this State.

Notwithstanding our practice of allowing the question to be put without objection, now that objection has been made and fully argued, I am satisfied that the practice is not a wise one or in accordance with the common law rule, and that the objection now made should be sustained.

LORE, C. J. (dissenting) :—I regret to dissent from my learned brethren, recognizing their ability and knowledge of the law ; but after such careful consideration as I could give it, my mind has reached a different conclusion.

The question asked the witness—"Have you ever been convicted in this Court of house-breaking "—involves two elements: The compressed fact, the character of the crime as disclosed by the record ; also the identity of the prisoner—have *you* ever been convicted of house-breaking ; a fact that the State may possibly be able to prove in no other way. You are not giving in detail what the record contains, but asking him as a fact, which he and every other person who has been convicted of a crime ought

to know, viz: whether *he* is the person who has been so convicted and of the general character of the crime. As a fact, it seems to me unless there be some controlling reason to the contrary, that that question ought to be put to him as to his identity with the general crime with which he is charged or convicted of.

Formerly, conviction of a felony disqualified a witness, and hence the strict rule of the common law—and it did not matter how much interest was involved or whose interest was involved— if he was a felon and convicted, then he was forever debarred from going upon the witness stand. Hence it was that the later cases at common law required strict proof of the felony. In the two early cases of the common law—*Priddle Case*, *Leach's Criminal Law, 382, and King vs. Edwards, 4 Term Reports, 440*, directly the opposite doctrine was held, viz: that the witness can be asked such a question, and the question was there asked and answered. Since then there has been a variance in the decisions. But we are not at common law now, where felony absolutely disqualified the witness and prevented him from giving testimony either in his own behalf or in the behalf of any other. We are under statute, and the purpose of that statute is that conviction for felony shall not disqualify a witness but that the fact may be proven to go to his credit. So that by express statutory provision his conviction is made by the law, competent and proper evidence as testing his credit.

Is there any reason of law that we can discover now why that old rule, if such a rule there be, should be strictly adhered to and that he cannot be asked this question? It may be said that the record is the best evidence. The record does not disclose that this man was convicted; it may have been another; and even if it did disclose this name, the identity is not proved; so that the question goes beyond the mere fact of what is contained in the record—the identity of the person. It seems right therefore to admit parol proof. Suppose you asked him, "Were you convicted, by the records of this Court, of house-breaking?" and he answers, "I was." Does it hurt him a whit more than the record under the statute? Is he injured in any way? How does it injure him? The record is here to protect him, and under

the statute it can be put in. It does not take away from him any privilege. If he has not been convicted and answers he has not, then his answer is conclusive and it is supported by the record. The fact that the record is of this Court, makes the danger of mistake less probable than if of some other court, as the record of conviction is at hand. I can see no reason for the exclusion of the question, on the contrary I can see the broader reason for its being put, which is recognized by Judge Cooley and by the whole trend of modern decisions, that when a man is put upon the stand—if he be a felon and by statute is made competent, but his credit is tested by that felony—that you may ask him the fact whether he was convicted of a felony.

I have looked with some degree of care at the case in *15 Johnson* (*N. Y.*), *82*, and have also considered the passage in Greenleaf, which is based on the later decisions at common law, which law excludes the witness and makes him incompetent to testify. But Greenleaf does not endorse the doctrine and it is not in accord with the whole trend of modern decisions. It does seem to me from reason and for the promotion of justice that when a felon is put on the stand, that the privilege of testing his credit by asking him that question should be allowed, unless there be some controlling reason to the contrary. I am willing to hold to the old forms, so far as they conform to reason. When they depart from that and the reason ceases, it strikes me the law also should cease. I know from five years' experience as Attorney-General and from a great deal of experience in the courts that this question has been put again and again in this Court over objection, though never argued as elaborately as now. I do not recall any particular argument, but the practice in this Court has been quite uniform for more than thirty-five years to my knowledge.

For these reasons, I have been compelled to dissent from the judgment of my learned brethren, and think it is competent to ask the question.

An exception was noted, for the State, to the opinion of the Court.

Fisher was then asked the following questions by Mr. Cooper :

" X.   Were you, or not, indicted in the Court of General Sessions of the Peace and Jail Delivery of this county for breaking into the dwelling-house of Samuel D. Forbes in the night time, and were you not acquitted, on the ground that while there was proof of your breaking, there was no proof of your entry ?"

Objected to by counsel for defendant.   Mr. Cooper inquired whether Judge Grubb's ruling went to the extent of the above question.

GRUBB, J :—I confined the ruling I made simply to the question before us at that time.   It is the unanimous opinion of the Court that the question you now put is inadmissible.   Therefore we disallow it.

*Mr. Cooper :*—Are you the William Fisher who was convicted in the Municipal Court of this city on the 15th of October, 1896, for keeping a disorderly house at 840 Tatnall street, this city ?

Objected to by counsel for defendant as irrelevant.

GRUBB, J :—That is not a felony.   We unanimously rule that you cannot ask him that question.

*Mr. Cooper :*   Are you the William Fisher who was convicted in the Municipal Court of this city on the twenty-first day of March, 1897, for assault and battery on a woman by the name of Julia Clayton ?

Objected to by Counsel for defendant.   Question disallowed.

### STATE'S PRAYERS.

The State prayed the Court to charge the jury as to intent and reasonable doubt.

*State vs. Manluff, 1 Houston's Criminal Cases, 208; State vs. Carpenter, 1 Houston's Criminal Cases, 367.*

## DEFENDANT'S PRAYERS.

The defendant prayed the Court to instruct the jury as follows:

1. There must be clear and unequivocal evidence of the *corpus delicti*, that is to say, of the breaking and entering in the night-time of the dwelling-house with the intent to commit the felony.

*State vs. Carter, 1 Houston's Criminal Cases, 412.*

2. The intent is a substantial and material fact, and must either be proved from evidence of the actual commission of the felony or naturally and reasonably implied from the circumstances and overt acts, viz: prisoner's conduct in the room, his conversation and threats, the weapons used, means and instruments provided and the character of the room.

*State vs. Manluff, 1 Houston's Criminal Cases, 216; State vs. Carter, 1 Houston's Criminal Cases, 416.*

3. The jury must be satisfied beyond a reasonable doubt that when the prisoner raised the latch of the outer door he had the specific intent of committing rape upon a particular person, in this case upon Maria Hunt.

The intent to commit a rape must co-exist with the breaking and entering.

*5 Am. and Eng. Ency. of Law (2 Ed.), 60; State vs. Carpenter, 1 Houston's Criminal Cases, 369, 370; State vs. Manluff, ibid, 216; 1 Bishop's Criminal Law, Sec. 342.*

4. There is no evidence that prisoner intended to have carnal knowledge of any woman, much less is there evidence that he intended to have carnal knowledge of any woman by force. Yet proof of overt act or acts evidencing an intention forcibly to ravish, is the essential proof of an intention to rape. The only proof in this case is that upon sight of the woman the prisoner ran away.

*State vs. Smith, 9 Houston, 588; 31 Atl. Reporter, 441; State vs. Carpenter, 1 Houston's Criminal Cases, 370.*

GRUBB, J., charging the jury:

Gentlemen of the jury:—This indictment which you are empaneled to try has been found under Section 7, of Chapter 128, of the Revised Statutes, which provide that "if any person shall, in the night time, break and enter into the dwelling-house of another person with intent to commit murder, rape or arson, whether such intent be executed or not, he shall be deemed guilty of burglary and felony and shall suffer death."

Said indictment charges that William Fisher, the prisoner at the bar, in the night time, the dwelling-house of William Hunt, in this county, feloniously and burglariously did break and enter with intent one Maria Hunt, then and there, violently and against her will, feloniously to ravish and carnally know, against the form of the statute, &c. It contains but a single count, and charges him solely with what in brief is commonly called burglarly with intent to rape, and not with intent to commit murder, arson or any other felony.

So that if you should find that the prisoner did not break and enter by night into the said dwelling-house with intent to commit rape, but with intent to commit murder, arson, robbery, larceny, or some other felony, then you could not, under this indictment, find him guilty in manner or form as he stands indicted. Before you can find the prisoner, William Fisher, guilty in manner and form as he stands indicted, you must, inasmuch as he is presumed to be innocent until proved guilty, be satisfied beyond a reasonable doubt, from all the evidence produced at the trial of this case; first, that the dwelling-house of William Hunt, in this county, was broken and entered into in the night time by said prisoner; and, second, that this was so done by the said William Fisher with intent to commit rape upon the said Maria Hunt. It is not necessary to prove that such intent to rape was in fact executed, for under the provisions of our statute the actual accomplishment of the intended rape is expressly declared to be immaterial.

Burglarly generally is defined to be the breaking and entering into the dwelling-house of another in the night time with intent to commit a felony, such as murder, rape, arson, larceny

and other offenses not now necessary to enumerate or define. Both breaking and entering are necessary to constitute the offense, and both must be in the night time; and the building into which the entry is made must be proved to be a mansion or dwelling-house for the habitation of man, and actually inhabited at the time the offense is committed. The breaking of the house may be actual by the application of physical force; or constructive, as where the entrance is obtained by fraud, threats or conspiracy. An actual breaking may be proved by evidence of very slight force, such as lifting the latch of a door, pushing or forcing open a closed door, breaking a window, pulling up or down an unfastened sash, picking a lock, drawing back a bolt, breaking and opening an inner door, after having entered through an open outer door, or window, or other like acts; and also by evidence of escaping from the house by any of these or the like means.

If upon consideration of all the evidence you shall be satisfied, beyond a reasonable doubt, that the said dwelling-house of William Hunt was broken and entered into in the night time, and by the prisoner as alleged in the indictment, then you must further be likewise satisfied that it was so broken and entered into by him with intent at the time of such breaking and entering, to commit rape upon the said Maria Hunt, whether such intent was actually executed or not. For if you should be thus satisfied that he so broke and entered thereinto with such intent, then the proof of the offense would be complete and the prisoner's guilt established. Therefore the question whether or not he so broke and entered into said dwelling-house with the felonious intention specifically alleged in the indictment, that is to say, with the intent to commit rape upon the said Maria Hunt, is the gravest and most important one which you are required to consider in this case. For it is this specific intent which is the gravamen of this offense, and which constitutes that which would otherwise be only a misdemeanor under our statute law—the essential and indispensable ingredient of the alleged burglarious felony.

To constitute our statutory offense of burglariously breaking and entering a dwelling-house with intent to commit rape, the

circumstances must be such as to show that it would have been rape had the accused executed his felonious intent, for the essential ingredients of rape, except an actual *penetravit*, must be proved. Therefore the jury should be informed as to the nature and definition of the crime of rape.

Rape, in this State, has been held to be the carnal knowledge of a woman by force and against her will. Force, either actual or presumptive, is, in legal contemplation, an essential and indespensable element of rape, whether it be committed on a female over or under the age of consent. Upon proof of carnal penetration of a female of the age of consent—that is, of seven years of age or more, in this State—the burden is upon the prosecution to further prove to the satisfaction of the jury, beyond a reasonable doubt, that the penetration was consummated by force and against her will, or by putting her in great fear and terror, before a conviction of rape can be had.

Consequently, as rape upon a female of the age of consent can only be committed with force and against her will, or by putting her in great fear and terror, it follows that the intent to commit rape upon such a female must also necessarily include the design and purpose to accomplish the felonious carnal knowledge with force and against her will, or by putting her in great fear and terror, and that therefore the burden is upon the prosecution to satisfy the jury that such design and purpose are shown beyond a reasonable doubt by the evidence before them, before the accused can be convicted of such intent. If, however, the proscution fail to do this, or if it appear to the satisfaction of the jury that the accused, at the time of the alleged burglarious breaking and entering, intended to seek or obtain the sexual connection by the milder means of solicitation, entreaty, and the like, or in any other way with the express consent or the silent acquiescence of such female, then the accused could not lawfully be found guilty of the intent to commit rape. It will therefore be for the jury to consider and determine in this case from all the evidence and circumstances proved, whether or not the prisoner, William Fisher, broke and entered the said dwelling-house with the felonious intent then and there to have sexual connection with the said Maria Hunt by force and against her will.

For if that was not the intent with which he broke and entered the house, then he did not break and enter it with the intent to commit rape upon her, and therefore ought not to be convicted under this indictment of that specific crime. If, however, the jury should be satisfied beyond a reasonable doubt from all the evidence that he so broke and entered it with that intent, then he should be convicted thereof.

In the case now before you the prisoner is indicted not for rape, but for the burglarious breaking and entering a certain dwelling-house with intent to commit rape. It is the specific, felonious intent to commit rape which constitutes the offense as charged in this indictment. Therefore the said intent to commit rape on the body of Maria Hunt is a material fact alleged by the State, and is as necessary to be proved by the prosecution, to the satisfaction of the jury beyond a reasonable doubt, as any other essential ingredient of the offense alleged in this indictment, in order to obtain the conviction of the accused in manner and form as he stands indicted. Such specific, felonious intent may be proved by direct evidence, such as the express confession or declaration of the accused that he committed the alleged burglarious breaking and entering with the intent charged. Such intent, or purpose of the accused's mind may also be established by indirect or circumstantial evidence, that is, it may be inferred by the jury from the proven acts and conduct of the prisoner and the facts and circumstances attending them, which fairly and reasonably indicate the alleged intent to commit a rape, where these are sufficient, viewed in connection with all the evidence in the case, to warrant such an inference and conclusion beyond a reasonable doubt.

Circumstantial evidence is receivable in both criminal and civil trials. It is adopted the more readily, on the one hand, in proportion to the difficulty in proving the fact in issue by direct evidence, and on the other because of the general ease with which it can be disproved, or with which other facts can be proved which are inconsistent with it, if it never really occurred.

But you must, nevertheless, remember that circumstantial evidence, to warrant a conviction, must be entirely satisfactory

and of such significance, consistency and force as to produce conviction in the minds of the jury of the guilt of the accused beyond a reasonable doubt. As this Court has heretofore announced, the established rule on the subject is this : Where the evidence is circumstantial, the jury must be fully satisfied, not only that the circumstances proved are consistent with the prisoner's having committed the act and with the intent charged as constituting the crime, but they must also be likewise satisfied that the facts are such as to be inconsistent with any other rational conclusion than that the accused is guilty of the alleged offense.

In instructing you as to proof of guilt beyond a reasonable doubt, we will repeat the language of this Court in another case: '' Proof beyond reasonable doubt does not mean that the guilt of the accused, or any other fact, shall be established with the absolute certainty of a mathematical demonstration. Matters of fact are required to be proved merely to a moral certainty. To require more in dealing with human conduct and the ordinary affairs of life would be impracticable and therefore unreasonable. It is sufficient that any disputed fact relating to this shall be established by that amount of competent or appropriate evidence which ordinarily satisfies an unprejudiced mind beyond a reasonable doubt. The circumstances which will amount to this degree of proof can never be previously defined. The only legal test of which they are susceptible is their sufficiency to satisfy the mind and conscience of a man of common sense and ordinary discretion, and so to convince him that he would act upon that conviction in matters of the highest concern and importance to his own interest.

'' Reasonable doubt in the legal sense, therefore, does not mean a vague, speculative or whimsical doubt or uncertainty, nor a merely possible doubt of the truth of the fact to be proved, but such a doubt only as intelligent, reasonable and impartial men may honestly entertain after a careful examination and conscientious consideration of all the evidence.''

In conclusion, gentlemen of the jury, we will merely add that you are the judges of the facts and of the credit due to the respective witnesses ; and it is your exclusive province, subject

only to the law as announced to you by this Court, to determine, after a careful examination and conscientious consideration of all the evidence, whether or not William Fisher, the prisoner at the bar, has been proven, beyond a reasonable doubt, to be guilty of the alleged burglary with the intent to rape the said Maria Hunt, as charged in the indictment, or of any other offense.

If, after such examination and consideration of all the evidence submitted on both sides in this case, you should be satisfied beyond a reasonable doubt that the prisoner is guilty in manner and form as he stands indicted, then you should render your verdict accordingly. If, however, you shall be so satisfied that he is guilty of the alleged breaking and entering of the dwelling-house, but not guilty of the alleged intent to rape, as charged in the indictment, then you should acquit him of the said intent to rape, and find him not guilty in manner and form as he stands indicted, but guilty of the breaking and entering alone, as you may lawfully do, under the provisions of the statute in that behalf, if the evidence shall warrant such finding. (*Sec 2, Chapter 547, Volume 16, Laws of Delaware—Revised Code, 941.*) But if you shall not be satisfied, beyond a reasonable doubt, after such examination and consideration of the evidence, that the prisoner is guilty either in manner and form as he stands indicted, or of the breaking and entering alone, then you should acquit him and render a general verdict of not guilty.

With these instruction for your guidance and assistance in the discharge of your serious and responsible duty, the case is now submitted to you for your verdict."

(Later the jury was brought into the court room for further instructions):

GRUBB, J:—Gentlemen of the jury, you have presented the following question to this Court: "To the Honorable Judges: The jury want to know if this man is found guilty in the manner and form as he is indicted will the penalty be death, as the act was not attempted."

We give this answer to your inquiry: If you shall find that William Fisher, the prisoner, is guilty in manner and form as he stands indicted, the penalty prescribed by the statute under which the indictment has been found will be death, whether the alleged intent to rape was executed or not.

Verdict: "Guilty with a recommendation to the Court for mercy. "