### State *vs.* George W. Quinn.

*Criminal Law—Felony—Abortion—Indictment—Pleading—Practice—Evidence—Duress—Contradicting Witness—Surprise.*

1.   The statute makes the attempt to procure a miscarriage a criminal act, "unless the same be necessary to preserve the woman's life." *Held* that an indictment framed on such statute is sufficient, although it did not negative such exception or qualification.

2.   During the trial of a felony the prisoner must remain in the dock.

3.   A party will be permitted to introduce testimony in contradiction of his own witness, on the ground of surprise.

4.   Statements made by a witness in the presence of public officers are admissible, no improper influence on the part of the officers being shown.

(*November 22, 1899.*)

Lore, C. J., and Spruance and Grubb, J. J., sitting.

*Peter L. Cooper, Jr.*, Deputy Attorney-General for the State.

*Julian C. Walker* and *Sylvester D. Townsend* for the defendant.

Court of General Sessions, New Castle County, November Term, 1899.

Abortion (No. 6, September Term, 1899).

The indictment was under *Sec. 2, Chap. 226, Vol. 17, Laws of Delaware*, which provides, that "every person who, with the intent to procure the miscarriage of any pregnant woman or women supposed by such person to be pregnant, unless the same be necessary to preserve her life, shall administer to her, advise, or prescribe for her, or cause to be taken by her any poison, drug, medicine, or other noxious thing, or shall use any instrument or other means whatever, or shall aid, assist, or counsel any person so

intending to procure a miscarriage, whether said miscarriage be accomplished or not, shall be guilty of a felony," etc.

The indictment, omitting the formal parts, was as follows:

"That George W. Quinn, late of Wilmington Hundred, in the county aforesaid, on the twenty-first day of August, in the year of our Lord one thousand eight hundred and ninety-nine, with force and arms, at the hundred aforesaid, in the county aforesaid, unlawfully, feloniously and with the intent to procure the miscar-carriage of one Rose Haughey, she, the said Rose Haughey, then and there being a pregnant woman, then and there supposed by the said George W. Quinn to be pregnant, did administer to her, the said Rose Haughey, certain medicine, the kind of which is to the jurors aforesaid unknown (the same not being necessary to preserve the life of her, the said Rose Haughey), and against the form of an act," etc., * * * * "did counsel her, the said Rose Haughey, so intending to procure a miscarriage of her, the said Rose Haughey (the same not being necessary to preserve the life of her, the said Rose Haughey), against the form of an act," etc. * * * * * * "did use a certain instrument, the kind of which is to the jurors aforesaid unknown, upon her, the said Rose Haughey, so intending to procure a miscarriage of her, the said Rose Haughey (the same not being necessary to preserve the life of her, the said Rose Haughey) against the form of the act," etc.

The counsel for defendant moved to quash the indictment as insufficient.

The statute makes the attempt to produce a miscarriage a criminal act, unless the miscarriage is necessary to preserve the life of the woman. The exception is so incorporated with the enactment as to constitute a part of the definition of the crime, and should therefore be negatived, which the indictment failed to do.

*Bassit vs. State, 41 Indiana, 303; State vs. Stokes, 54 Vermont, 179; Moody vs. State, 17 Ohio St., 111; Cheadle vs. State, 4 Ohio St., 477; People vs. Pendleton, 79 Mich., 317; Jensen vs.*

*State, 60 Wis., 577; 1 Chit. Crim. Law, 283, 557; 1 Greenleaf Ev., Secs. 74, 78; State vs. Lodge, 9 Houst., 542.*

SPRUANCE, J.:—We do not consider the reasons assigned for quashing the indictment sufficient, and the application is therefore refused.

The defendant was then placed in the prisoner's dock, and was arraigned and pleaded not guilty, whereupon his counsel requested that he be allowed to sit beside his counsel, within the bar, during the trial. The Deputy Attorney-General objected.

SPRUANCE, J.:—During the trial of a felony it is the uniform rule for the prisoner to remain in the prisoner's dock, and we think it best to adhere to the rule. The request is refused.

During the examination of the prosecuting witness, Rose Haughey, the Deputy Attorney-General stated that he was taken by surprise by the testimony of the witness, and requested leave to ask her the following leading questions in order to lay the ground for contradiction: "Did you not say to me, in my office, in this building, at the last term of this Court, when I was examining you to send you to the grand jury, in the presence of Chief of Police John F. Dolan, that he (Dr. Quinn) inserted an instrument into your private person?"

The counsel for the defendant objected to the question as leading, and contended that the State could not impeach its own witness.

SPRUANCE, J.:—Upon this subject there has been great controversy in the courts. "But the weight of authority," says Greenleaf, "seems in favor of admitting the party to show that the evidence has taken him by surprise, and is contrary to the examination of the witness preparatory to the trial, or to what the party had reason to believe he would testify; or that the witness has recently

been brought under the influence of the other party, and has deceived the party calling him. For it is said that this course is necessary for his protection against the contrivance of an artful witness; and that the danger of its being regarded by the jury as substantive evidence is no greater in such cases than it is where the contradictory declarations are proved by the adverse party."

*1 Greenleaf on Ev., Sec. 444.*

The practice of the courts of this state has been to admit testimony in contradiction, on the ground of surprise, under circumstances similar to those now presented to us. The objection is overruled.

The prosecuting witness having denied that she had made the statement contained in the said question, the said John F. Dolan, Chief of Police of the City of Wilmington, was called by the State in contradiction, and testified, on cross examination, that, beside himself, the Deputy Attorney-General, and probably detective McVey were present on the occasion referred to.

The counsel for the defendant thereupon objected to any testimony by the said Dolan as to the alleged statement of the prosecuting witness in the presence of the said public officers, insisting that such statement, if made, was not voluntary, but was made under duress. Citing *Bram vs. United States, 168 U. S., 532.*

SPRUANCE, J.:—It does not appear that said statement was not truly and voluntarily made, and no duress or improper influence on the part of either of the officers has been shown. The objection is overruled.

Upon the close of the testimony on behalf of the State, the counsel of the defendant requested the Court to instruct the jury to render a verdict of not guilty for the following reasons:

The statute under which the defendant is indicted makes the attempt to produce a miscarriage a criminal act, unless the miscarriage is necessary to preserve the life of the woman. The excep-

tion is so incorporated with the enactment as to constitute it a part of the definition of the crime, and should therefore be negatived in each count of the indictment. It is not alleged, in all or in any of the counts of the indictment, nor has it been proved, that the miscarriage was not necessary to preserve the life of the said Rose Haughey. Therefore upon each and every count in the said indictment, the verdict of the jury must be not guilty.

*Bassit vs. State, 41 Indiana, 308 ; State vs. Stokes, 54 Vermont, 179 ; Moody vs. State, 17 Ohio St., 111 ; Cheadle vs. State, 4 Ohio St., 477 ; People vs. Pendleton, 79 Mich., 317 ; Jemsen vs. State, 60 Wis., 577 ; 1 Chit. Crim. Law, 283, 557 ; 1 Greenleaf Ev., Secs. 74, 78 ; State vs. Lodge, 1 Hardesty, 174.*

SPRUANCE, J.:—We decline so to instruct the jury. We have already refused to quash the indictment, and we think there is some evidence to go to the jury.

Upon the close of the testimony on the part of the defendant, the Deputy Attorney-General stated that, upon consideration of all of the evidence in the case, he did not feel warranted in asking for a conviction, and he therefore requested the Court to instruct the jury to acquit the prisoner, and the Court so instructed the jury.

Verdict, not guilty.