### State vs. Lawrence M. Durham.

*Criminal Law—Pretending to deal with Spirits—Conjuration—Witchcraft—Statute—Evidence.*

If the defendant pretended to exercise the art of dealing with spirits, and so imposed upon others; and did make pretense that he alone had the power to remove evil spirits and cure a person of sickness by reason of his influence over such spirits, he would be guilty of a violation of the statute.

(*October 6, 1904.*)

Lore, C. J., and Grubb and Pennewill, J. J., sitting.

*Robert H. Richards*, Deputy Attorney-General, for the State.

*Robert C. White* for defendant.

Court of General Sessions, Sussex County, October Term, 1904.

The defendant, a colored man about 65 years of age, was indicted at this term (under *Section 7, Chap. 132, Revised Code, 961*) for pretending to exercise the art of dealing with spirits. The indictment consisted of three counts, the first of which charged "That Lawrence M. Durham, late of Cedar Creek Hundred, in the county aforesaid, on the thirtieth day of March, in the year of our Lord one thousand nine hundred and four, with force and arms at Cedar Creek Hundred, in the county aforesaid, did pretend and represent to a certain John P. Fitzgerald and a certain Rachael A. Fitzgerald that she, the said Rachael A. Fitzgerald, was then and there under the influence of a certain pretended evil spirit which had placed what he, the said Lawrence M. Durham, then and there called a 'spell' upon her, the said Rachael A. Fitzgerald, and the said Lawrence M. Durham did then and there further pretend that he, the said Lawrence M. Durham, could cause the said pretended evil spirit to come forth and the said pretended spell to disappear ; and the jurors aforesaid, in manner and form aforesaid, do further say that the said Lawrence M. Durham did then and there and thereby, in manner and form aforesaid, pretend to exercise the art of dealing with spirits, against the form of the act of the General Assembly in such case made and provided and against the peace and dignity of the State."

The second count charged the defendant with pretending " to exercise the art of conjuration," and the third count charged that he had "pretended to exercise the art of witch-craft."

*John P. Fitzgerald*, the prosecuting witness, testified that he lived in Cedar Creek Hundred, Sussex County ; that on the 30th day of March, 1904, the health of his wife, Rachael A. Fitzgerald, was in a poor state, that she was suffering from a skin disease and several other ailments, and that she had been an invalid for some

seven years; that somewhere about the last of March the defendant Durham, having heard of Mrs. Fitzgerald's illness came to the house to see her; that after examining her he said "that she had a spell put on her; she was under the influence of an evil spirit and that if it was not taken off her she was going to die and would not be long about it. And he said 'I can take it off her and put it back on to the one that put it on her, and I can cure her.' I asked him how long it would take him to cure her and he said, 'In forty-eight hours after going to work on her she will feel a great relief, will feel a great deal better, and in nine days time she will be perfectly well, up and going where she pleases and doing her own work.' I said, 'Do you think you can cure her in that time?' 'Yes, indeed,' he said, 'I will cure her. I can do it and I will do it. Don't you have the least doubt or be the least uneasy but what I will cure your wife.' I asked him what he would cure her for. He said $50, and I said; 'I have spent so much on her; she has been sick so long and she has cost me so much that I am not able to pay that amount of money.' In fact I told him that I did not have the money by me to pay that amount. Finally he agreed if I would pay him $10 in money that he would wait on me for the balance. It just upset my wife so; it scared her and my daughter for they thought every word that he said was so; my wife thought that somebody had put the spell on her and if it was not taken off she would die. He made her believe that. So she was just crazy for me to let him go to work on her, and finally I consented to let him try it. I paid him $10 and gave him my note for the balance. I asked him when this note of $40 for the balance was to be paid, and he said, 'Not until she is cured.' I said, 'all right then;' and when I handed him the note, I said, 'Old man, you keep this note until it is due and if my wife is well and cured you shall have your money, every dollar of it, and be perfectly welcome to it.' The note was given for three months, but he was to cure her in nine days.

" After that he gave her medicine of some kind for the skin disease, to bathe in, and another kind to take inwardly. I do not know whether what he gave her to bathe in was horse liniment or what it was. I first saw him in Cedar Creek Hundred at Mr. Pettijohn's, and then he wrote my wife's name and I think my name and her age on a piece of paper, and the first thing I knew he had it in his mouth chewing it and pretended to swallow it. I don't know what he did with it. He said he had that to go through with, and then he read a piece out of the Bible and sat and talked as though he was talking to a spirit. He claimed that he had supernatural powers; that he had different powers from most any one else. He then said that he had made arrangements to come over to my house and see my wife, and I said, ' Very well, if you have, of course come ahead.' He came over to my house the next day, as I have stated, and he came to see her about five times, but did not cure her. In the meantime he negotiated the note I had given him and got the money on it."

The prosecuting witness admitted on cross-examination that the defendant prayed at his house read from the Bible, and that he said to Mrs. Fitzgerald ' You have faith in the Lord and I will cure you.'

*David W. Mills*, a witness for the State corroborated the testimony of the prosecuting witness as to what took place at the interview with the defendant at one Pettijohn's house, the day before the defendant came to see Mrs. Fitzgerald, and stated that the defendant, among other things, blew in his hands, and when asked what he did that for, said, " The disease will go into my hands and I will put it on the one that put it on her."

The defendant denied that he blew in his hands, or chewed the paper with the names upon it, at the first interview with the prosecuting witness, or that he pretended to talk with spirits, and also denied that he had said to the prosecuting witness that he could cure Mrs. Fitzgerald or that he had supernatural powers or could do what no other man could do, but stated that he plainly

informed the prosecuting witness that his wife had been afflicted by God, and that unless she had faith in the Lord Jesus Christ, he (Durham) could not do her any good, but that if she had faith in the Lord Jesus Christ, he (Durham), by working with the Omnipotent One could help her. He further testified that the first thing he did upon going to see Mrs. Fitzgerald was to read the Bible and pray with her, admonishing her to have faith in the Lord Jesus Christ; that he then annointed her from head to foot with a liniment which he had prepared by boiling roots, herbs, bark and balm of Gilead. And that after working upon her for some time the scaly surface of the skin became softened and much improved in appearance. That he also gave her a medicine to take inwardly and after attending her for several days she showed signs of improvement. That about this time he had no means of reaching his patient, and learning that her condition was so much improved that it was unnecessary for him to attend her longer he discontinued his visits. The defendant also disclaimed any belief in evil spirits, conjuring or witch-craft.

The defendant acknowledged on cross-examination by the Deputy Attorney-General that he had been convicted in Kent County, Delaware, upon the charge of obtaining money by false pretense. He further admitted that he had said that " she had a spirit with her, an evil spirit, that through her misbehaviour God had afflicted her with disease; that she was afflicted with an evil spirit through God."

LORE, C. J., charging the jury :

Gentlemen of the jury :—Lawrence M. Durham, the defendant, is charged in this indictment with pretending to exercise the art of dealing with spirits, on the 30th day of March last in this county. It is claimed on the part of the State that the defendant pretended that a certain Rachael A. Fitzgerald was possessed of an evil spirit, that her sickness was caused by the presence of this evil

spirit, and that he alone possessed the power to remove the same and to heal her disease or cure her of her sickness.

The indictment is based upon a statute of this State which we say to you is founded in wisdom. The purpose of that statute manifestly is to protect people in certain grades of life from being imposed upon by persons pretending to possess a power that they do not have. It is a matter of common experience that persons afflicted with disease rely oft times upon, or give credit to persons who claim to be possessed of supernatural powers. Those who are oftenest subject to that imposition are particularly people who are weak and who are in great stress of sickness, and this law was designed to protect just such people from impostors, if any such there be, who may go around and make pretense of healing or curing through the exercise of supernatural power, which the intelligence and the enlightenment of this day utterly denounce and discredit.

In this case you are not trying what this man's faith may be or what his belief may be, whether Christian Science or any other science, but whether on or about the 30th day of March last he pretended to exercise the art of dealing with spirits, and so imposed upon these people. And if you believe from the testimony in this case that he did make pretense that he alone had the power to remove these evil spirits and cure Rachael A. Fitzgerald of her sickness by reason of his influence over these spirits, then your verdict should be guilty. That is the sole question for you to determine. If, however, you do not believe that the defendant made any such pretense, but that he represented himself simply to exercise those natural and proper functions which one may do in dealing with disease—not dealing with spirits—your verdict should be not guilty.

You have heard the evidence in this case and it is your duty to weigh it carefully. If this defendant be guilty he ought not to be turned loose; if he be innocent, he ought not to be punished. It is for you, upon all the testimony in this case, to say whether he is guilty or not guilty of the charge of pretending to exercise the

art of dealing with spirits, about the time and under the circumstances alleged in the indictment.

Verdict, guilty.