STATE *vs.* LESTER E. GRANT.

*(April* 21, 1926.)

HARRINGTON and RICHARDS, J. J., sitting.

*Earle D. Willey*, Deputy Attorney-General, for the State.
*Charles L. Terry, Jr.*, for defendant.

Court of General Sessions for Kent County, April Term, 1926.
No. 22, April Term, 1926.

HARRINGTON, J., delivering the opinion of the court:

There was a period in the history of the common law when conviction of certain crimes, and judgment on such conviction, rendered a person infamous, and disqualified him as a witness. *Wigmore on Ev.*, §§ 519, 520, 521; *Greenleaf on Ev.*, §§ 373, 375, 376; *Chamberlayne's Hand-Bk. on Ev.*, § 1156; *State v. Timmons*, 2 Harr. 529.

While it is not perfectly clear what offenses were included in this class, that felonies were included is apparent from the above citations.

Subject to certain qualifications that need not be considered here, this disability was, however, removed at common law by a full pardon. *Wigmore on Ev.*, §§ 377, 378; *Chamberlayne's Hand-Bk. on Ev.*, § 1156; *State v. Timmons*, 2 *Harr.* 529. In both England and in most of the states of this country the common law disability, above referred to, has been removed by statute. *Wigmore on Ev.*, § 524.

The statute of this state, governing this question, is embodied in *Section* 4214, *Revised Code* 1915, which provides:

"No person shall be excluded from testifying as a witness by reason of his having been convicted of a felony, but evidence of the fact may be given to affect his credibility."

The credit of a witness may ordinarily be attacked either on cross-examination or by the evidence of other witnesses. *Chamberlayne's Hand-Bk. on Ev.*, §§ 1181, 1182, 1184, 1185; *Chamberlayne on Ev.*, §§ 3742. See, also, *State v. Rash*, 2 *Boyce* 77, 78 *A.* 405; *State v. Quinn*, 2 *Penn.*, 339, 45 *A.* 544; *State v. Primrose*, 2 *Boyce* 165, 77 *A.* 717; *State v. Wright*, 2 *Penn.*, 228, 45 *A.* 395; *State v. Windsor*, 5 *Harr.* 526; and *Lord v. Horsey*, 5 *Harr.* 317.

While the court record is the best evidence of the conviction of a crime (*State v. Duhammel*, 2 *Harr.* 532; *State v. Fisher*, 1 *Penn.*, 305, 41 *A.* 208), applying the above principle, a witness may, nevertheless, be asked in this state on cross-examination

whether he has ever been convicted of a felony. *State v. Durham*, 5 *Penn.*, 105, 58 *A.* 1024; *Clemens v. Conrad*, 19 *Mich.* 170; *State v. Knowles*, 98 *Me.* 429, 57 *A.* 588. See, also, *Wigmore on Ev.*, §§ 980, 1270; *Jones' Blue-Bk. on Ev.*, § 839.

■ If he admits that he has been so convicted, the production of the record at a later stage of the trial is usually considered unnecessary; though this is probably within the discretion of the cross-examining attorney.

It is true that a majority of the court in *State v. Fisher*, 1 *Penn.*, 305, 41 *A.* 208, reached a different conclusion and held a witness could not be asked, on cross-examination, whether he had ever been convicted of a felony, intimating, however, that the rule might be different if he had been convicted in another county.

While I find no reported case expressly overruling the Fisher Case, and there is a conflict in the authorities on the question (30 *L. R. A.* [*N. S.*] 846; 13 *Ann. Cas.* 643; *Jones' Blue-Bk. on Ev.*, § 839; *Chamberlayne on Ev.*, § 3749; *Greenleaf on Ev.*, § 457) it certainly does not represent the rule now applied almost daily in our courts. Nor does it represent the rule applied in the early stages of the common law. *Rex v. Edwards*, 4 *T. R.* 440 (100 *Eng. Reprint*, 1108). See *Wigmore on Ev.*, § 1270.

The state admits the genuineness of the pardon produced by the defendant, and that it covers all felonies of which he has been convicted. The question before us must, therefore, be considered as though such pardon had been admitted in evidence, on behalf of the defendant, before the question objected to had been asked.

■ It is true, as claimed by the defendant, that a pardon takes away many of the results and personal disabilities arising from a conviction of a felony and, to a certain extent, makes the person pardoned a new man. 29 *Cyc.* 1557. Among other things, it removes the disfranchisement of the person so convicted, but, though this defendant has been pardoned, the fact remains that he has been convicted of a felony. The rule with respect to this question is aptly stated in *Curtis v. Cochran*, 50 *N. H.* 242, where the court said:

"A pardon is not presumed to be granted on the ground of innocence or total reformation. * * * It removes the disability, but does not change the common-law principle that the conviction of an infamous offense is evidence of bad character for truth."

See, also, to the same effect, *Wigmore on Ev.*, § 908; *Chamberlayne's Hand-Bk. on Ev.*, § 1183; *Greenleaf on Ev.*, § 377; *Stephen's Digest on Ev.*, 273; 20 *R. C. L.* 567, § 55; *U. S. v. Jones*, 2 *Wheeler*, *Cr. Cas.* 451, *Fed. Cas. No.* 15,493; *Bennett v. State*, 24 *Tex. App.* 73, 5 *S. W.* 527, 5 *Am. St. Rep.* 875; *Diehl v. Rodgers*, 169 *Pa.* 316, 32 *A.* 424, 47 *Am. St. Rep.* 908.

Notwithstanding the pardon, for the purpose of affecting the credit of the defendant, the fact of the conviction may, therefore, be brought out either on cross-examination or in rebuttal.

That being true, the objection of the defendant is overruled.

Note. The rule permitting prior convictions of other offenses to be brought out on cross-examination or shown in rebuttal for the purpose of affecting the credibility of the witness is confined in this State to felonies. *State v. Burton*, 2 *Marv.* 446, 43 *A.* 254; *State v. Powell*, 5 *Penn.*, 24, 61 *A.* 966.

In *Burton v. Natural Gas & Petroleum Corporation*, 4 *W. W. Harr.* (34 *Del.*) —, the Court held that statements showing hostility or ill feeling could not be shown unless grounds were laid.

The right to question a witness concerning matters that will incriminate or disgrace him has also been considered.

In *State v. Thomas*, 4 *Harr.* 568, it was held that a question with respect to a matter that tended to incriminate the defendant might be asked, but that it was his privilege to refuse to answer it.

In *Knowles v. Knowles*, 2 *Houst.* 133, the court said:

"The rule of law is well settled that no witness is bound to incriminate himself, that is to say, to answer a question which may have the effect to subject him to a criminal prosecution; and it is also well settled that he cannot be excused from answering a question, because his answer may render him liable to a civil suit. But whether he is obliged to answer, when his answer may have a tendency to degrade him, or disparage him in the esteem of his fellow men, is not so well settled and has long been a matter of more controversy and discussion. The better opinions and decisions, however, appear to be, that when the question is directly pertinent and material to the matter in issue, he cannot be excused from answering it, merely on the ground that his answer will have the tendency, or effect to degrade him or to diminish his standing and respectability in the community; but where it is irrelevant, or only collateral to the matter in issue, he cannot be compelled to answer."

See, *State v. Burton*, 2 *Marv.* 446, 43 *A.* 254. See, however, *Wigmore on Ev.*, §§ 984-987; *Jones Blue-Bk. on Ev.*, §§ 830, 831; *Chamberlayne on Ev.*, § 3734; 1 *Amer. Law Rep. Annot.* 1402; *Bove v. State*, 3 *W. W. Harr.* (33 *Del.*) 229, 134 *Atl.* 630.

In *State v. Carter, Houst. Cr. Cas.* 412, the state was not permitted to show by what other names the defendants had been known, on the ground that the question tended to put character in issue before that issue had been raised by the defendants.

See *State v. Casper*, 3 *W. W. Harr.* (33 *Del.*) 432, 138 *Atl.* 633; *Bove v. State*, 3 *W. W. Harr.* (33 *Del.*) 229, 134 *Atl.* 630.