517 Pa. 89 (1987)
534 A.2d 1053
COMMONWEALTH of Pennsylvania, Appellee,
v.
C.S., Appellant.
Supreme Court of Pennsylvania.
Argued November 12, 1987.
Decided December 23, 1987.
*90 Richard A. Sprague, Geoffrey R. Johnson, Philadelphia, for appellant.
Ronald Eisenberg, Chief, Appeals Div., Gaele McLaughlin Barthold, Deputy Dist. Atty., Kathleen McDonnell, Philadelphia, for appellee.
Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA and PAPADAKOS, JJ.

OPINION OF THE COURT
LARSEN, Justice.
At issue in this case is whether a court must order the expungement of a criminal record where the governor has pardoned the individual seeking the expungement for the crime upon which the record is based.
On October 14, 1954, at the age of 20, appellant, C.S., was arrested for armed robbery. He pleaded guilty and was sentenced to a 1½ to 5 year term of imprisonment. Appellant served the minimum sentence and was paroled. He completed his parole without violation. Twice married, appellant raised six children and fulfilled all his support obligations. He advanced from an entry-level, laboring position with the Pennsylvania Society for the Prevention of *91 Cruelty to Animals (SPCA) to his current position as Shelter Supervisor, overseeing fifty employees and exercising budgetary and policy formulation responsibilities. Appellant has represented the SPCA in numerous public appearances and has advised the Philadelphia Police Department in its canine activities. In addition, appellant actively participates as a volunteer in various church and community programs, some of which involve the counseling of youngsters who are in trouble with the law. It is clear that, in all respects, appellant has lived an exemplary life since he served his sentence thirty years ago.
In 1982, appellant applied for a gubernatorial pardon. The Board of Pardons recommended that the governor grant appellant's application, but the application was denied by the governor because of insufficient details regarding how the pardon would assist appellant in furthering employment opportunities. Appellant reapplied, setting forth the career opportunities he had had to forego to avoid calling attention to his criminal past.[1] On February 29, 1984, Governor Richard Thornburgh granted the pardon to assist appellant in furthering his job opportunities.
Appellant petitioned the Court of Common Pleas of Philadelphia County to expunge the criminal record of his 1954 conviction for armed robbery. The court denied appellant's petition on the basis of relevant case law, finding that the court was "powerless to expunge the record of a conviction." *92 Petition for Expungement Transcript at 13 (October 4, 1984). A divided panel of Superior Court affirmed, stating: "The law of this Commonwealth is clear. Rehabilitation and post-conviction accomplishments are not grounds for expungement of the record of a criminal conviction." Commonwealth v. C.S., 351 Pa.Super. 467, 469, 506 A.2d 443, 444 (1986). We disagree.
The power to pardon lies exclusively with the governor. Article 4, section 9(a) of the Pennsylvania Constitution provides:
In all criminal cases except impeachment, the Governor shall have power to remit fines and forfeitures, to grant reprieves, commutation of sentences and pardons; but no pardon shall be granted, nor sentence commuted, except on the recommendation in writing of a majority of the Board of Pardons, after full hearing in open session, upon due public notice. The recommendation, with the reasons therefor at length, shall be delivered to the Governor and a copy thereof shall be kept on file in the office of the Lieutenant Governor in a docket kept for that purpose. This Court stated in Commonwealth v. Sutley, 474 Pa.
256, 273-74, 378 A.2d 780, 789 (1977), that a pardon is:
the exercise of the sovereign's prerogative of mercy. It completely frees the offender from the control of the state. It not only exempts him from further punishment but relieves him from all the legal disabilities resulting from his conviction. It blots out the very existence of his guilt, so that, in the eye of the law, he is thereafter as innocent as if he had never committed the offense: Diehl v. Rodgers, 169 Pa. 316, 319, 32 A. 424, 425 [1985]; Commonwealth v. Quaranta, 295 Pa. 264, 273, 145 A. 89, 93 [1928]; Commonwealth v. House, 10 Pa.Super. 259, 264, 265.

Commonwealth ex rel. Banks v. Cain, supra, 345 Pa. [581,] at 585-5, 28 A.2d [897,] at 899 [1942].
(emphasis added).
There is no way that the state can retain the record of a former criminal who is "as innocent as if he had never *93 committed the offense." Sutley, supra. A pardon without expungement is not a pardon. Accordingly, we reverse the Order of Superior Court and remand to the Court of Common Pleas for entry of an order expunging appellant's criminal record.
NOTES
[1] In 1964, appellant declined the opportunity to work at the higher paying position of Cruelty Investigator, which position entailed making arrests, because appellant feared that his record would become an issue. Similarly, in 1975, appellant could have become Director of Operations, overseeing the operation of SPCA shelters statewide, but he accepted the lesser paying position that he now holds due to fear of uncovering his past. Because appellant was well known in his field, he received employment offers which he declined, again, to avoid a challenge on the basis of his record. These offers included:

Manager of Flourtown Boarding Kennels Shelter Manager of Montgomery County SPCA Shelter Director of Morris Animal Refuge Head trainer and associate of Becker & English training school
American Humane Association, New York Central California Humane Society Shelter Director, Alaska Bell Telephone Career Training