**STATE of Delaware, Respondent Below, Appellant,**

v.

**Dexter R. SKINNER, Petitioner Below, Appellee.**

Supreme Court of Delaware.

Submitted: Aug. 12, 1993.
Decided: Nov. 2, 1993.

Jeffrey M. Taschner, Deputy Atty. Gen., Dept. of Justice, Wilmington, for appellant.

Joseph J. Longobardi, III, Roeberg & Associates, P.A., Wilmington, for appellee.

Before VEASEY, C.J., HORSEY and WALSH, JJ.

WALSH, Justice.

█ This is an appeal by the State of Delaware from an order of expungement of arrest records. Acting under the authority conferred by the expungement statute, 11 *Del.C.* § 4371, the Superior Court ordered the expungement of the arrest records of the appellee, Dexter R. Skinner. The State moved to vacate the expungement order on the ground that Skinner's subsequent pardon did not remove the underlying criminal conviction for expungement purposes. We agree with the State's position and accordingly reverse.

I

On January 14, 1990, Dexter R. Skinner ("Skinner") was arrested and later pleaded guilty to a charge of misdemeanor shoplifting, the only blemish on his otherwise clean criminal record. Two years later, he petitioned for and received a pardon from the Governor of Delaware upon recommendation of the Board of Pardons, pursuant to Article VII of the Delaware Constitution. On July 15, 1992, Skinner petitioned the Superior Court for an order expunging the records of his arrest and conviction pursuant to 11 *Del.C.* § 4372.[1]

By letter dated July 21, 1992, a Deputy Attorney General on behalf of the State advised the Superior Court that it opposed Skinner's petition due to the existence of a criminal conviction. Following a hearing, the Superior Court entered an order dated August 3, 1992, granting Skinner's petition and ordering expungement of all indicia of his arrest and the court records relating to the charge and conviction.[2] On September 9, 1992, the State filed a motion to vacate the order of expungement, pursuant to Superior Court Civil Rule 60(b).[3] The Superior Court

denied the motion and the State then timely filed this appeal from the denial of the motion to vacate.

The State maintains that the statute permits expungement of arrest and court records only when the underlying charge has been terminated through an acquittal or dismissal and that while a pardon may remove the effect of a conviction it may not provide standing to secure expungement of the arrest records. To the contrary, Skinner maintains that the expungement statute confers discretion upon the Superior Court to order expungement after a pardon.

II

█ The legal issue underlying this appeal is narrow and one of first impression in this State: Are records of an arrest and conviction of an offense which was later the subject of a pardon, eligible for expungement pursuant to 11 *Del.C.* § 4371 *et seq.?* Preliminarily, we must first address Skinner's contention that we should not reach the merits of the issue but dispose of the appeal on procedural grounds. Skinner argues that an appeal from the original expungement order would have been the proper way for the State to proceed. However, the State failed to file an appeal within the 30 day period established by 10 *Del.C.* § 960 and Supreme Court Rule 6, and instead filed a motion to vacate the expungement order pursuant to Super.Ct.Civ.Rule 60(b). The State thereafter appealed the Superior Court's denial of the Rule 60(b) motion. Skinner argues that if we consider the merits of the State's appeal in the context of the Rule 60(b) ruling, we effectively permit the State to bypass the jurisdictional time bar to a direct appeal from the expungement order. *See, e.g., Riggs v. Riggs,* Del.Supr., 539 A.2d 163 (1988).

1. (a) If a person is charged with the commission of a crime and

    (1) Is acquitted; or
    (2) A nolle prosequi is taken, or the charge is otherwise dismissed, he may file a petition setting forth the relevant facts and requesting expungement of the police records, and the court records relating to the charge.
(b) The petition shall be filed in the Superior Court in the county where the case was terminated, disposed of or concluded.

(c) A copy of the petition shall be served on the Attorney General, who may file an objection or answer to the petition within 30 days after it is served on him.

2. The expungement order erroneously recited that the State did not object to its entry.

3. The 30 day time limit for filing an appeal in this Court of the Superior Court's order granting the petition for expungement had expired.

Rule 60(b) permits the Superior Court to relieve a party from a final judgment or order on the grounds of "(1) Mistake, inadvertence, surprise, or excusable neglect; ... or (6) any other reason justifying relief from the operation of the judgement." "Relief under Rule 60(b) is a unique remedy and requires a showing of 'extraordinary circumstances.'" *Dixon v. Delaware Olds, Inc.,* Del.Supr., 405 A.2d 117, 119 (1979); *Jewell v. Div. of Social Services,* Del.Supr., 401 A.2d 88, 90 (1979). We review an appeal of the grant or denial of Rule 60(b) relief under an abuse of discretion standard. *Dixon,* 405 A.2d at 119.

We agree with Skinner that Rule 60(b) relief is not a substitute for the timely filing of an appeal. *Id.* Here, however, two factors warrant relief under Rule 60(b). First, the Superior Court's expungement order mistakenly recited that the Attorney General had no opposition to the motion when in fact a Deputy Attorney General had filed written notice of opposition as required by 11 *Del.C.* § 4372(c). Second, and more importantly, the Superior Court's expungement order was directed toward an issue of first impression—the standing of a pardon recipient to seek relief under the expungement statute. For these reasons, we find the State to have demonstrated both mistake and "extraordinary circumstances" warranting Rule 60(b) relief in the interest of justice. Since the State's subsequent appeal from the denial of its Rule 60(b) motion was timely filed in this Court, we do not view its actions as intended to circumvent the direct appellate process.

### III

Delaware's expungement statute, 11 *Del.C.* § 4371 *et seq.*, provides for the expungement of police and court records relating to a criminal charge. Upon petition, records may be expunged if the person is acquitted, a nolle prosequi is entered by the State, or the charge is otherwise dismissed. 11 *Del.C.* § 4372. The declared purpose of the statute is "to protect innocent persons from unwarranted damage which may occur as the result of arrest and other criminal proceedings which are unfounded or unproven." 11 *Del.C.* § 4371.

■ A pardon is "[a]n executive action that mitigates or sets aside punishment for a crime." *Black's Law Dictionary* 1113 (6th ed. 1990). It is "[a]n act of grace from governing power which mitigates the punishment the law demands for the offense and restores the rights and privileges forfeited on account of the offense." *Id.* While the U.S. Supreme Court, in *Ex parte Garland,* 71 U.S. (4 Wall.) 333, 380, 18 L.Ed. 366 (1866), stated that a full pardon "releases the punishment and blots out the existence of guilt, so that in the eye of the law the offender is as innocent as if he had never committed the offense," that dictum has since been rejected.

By 1915, ... the Court made clear that it was not accepting the *Garland* dictum that a pardon "blots out of existence the guilt." In *Burdick v. United States,* 236 U.S. 79 [35 S.Ct. 267, 59 L.Ed. 476] (1915), the Court reaffirmed its reasoning in *United States v. Wilson,* 32 U.S. (7 Pet.) 150 [8 L.Ed. 640] (1833), and concluded that there is a "confession of guilt implied in the acceptance of a pardon." *Burdick,* 236 U.S. at 91 [35 S.Ct. at 269]. The Court explained that "[a pardon] carries an imputation of guilt; acceptance a confession of it." *Id.* at 94 [35 S.Ct. at 270]. The idea that a pardon does not vitiate guilt was not merely resurrected by the Court; it had been implied by other courts before *Burdick.*

*United States v. Noonan,* 3d Cir., 906 F.2d 952, 958 (1990) (parallel citations omitted).

A pardon "involves forgiveness and not forgetfulness and it does not 'wipe the slate clean.' *Stone v. Oklahoma Real Estate Comm'n,* [Okla.Supr., 369 P.2d 642 (1962)]. A pardon 'does not close the judicial eye to the fact that once he had done an act which constituted the offense.' *In re Lavine,* [Cal. Supr., 2 Cal.2d 324, 42 P.2d 311, 313 (1935)]." *Hozer v. State Police and Firemen's Pension Fund Comm.,* N.J.Super.App.Div., 95 N.J.Super. 196, 230 A.2d 508, 512 (1967).

Delaware law is in accord. In *State v. Grant,* Del.Ct.Gen.Ses., 33 Del. 195, 133 A. 790 (1926), the prosecution asked the defendant on cross-examination whether he had

previously been convicted of a felony. The defendant objected and produced a pardon executed by the Governor. The court held that "[n]otwithstanding the pardon, for the purpose of affecting the [credibility] of the defendant, the fact of the conviction may ... be brought out...." *Id.* 133 A. at 791. In *State ex rel. Wier v. Peterson,* Del.Supr., 369 A.2d 1076 (1976), this Court was called upon to rule on the defendant's eligibility to hold the office of President of New Castle County Council. The respondent had been convicted of several crimes, one of which this Court classified as infamous for purposes of Article II, § 21 of the Delaware Constitution.[4] The Governor of Pennsylvania had granted the defendant a pardon, which this Court assumed reached all of his convictions. Notwithstanding the pardon, we held that the defendant was still barred from holding public office.

> While a pardon removes all legal punishments and disabilities attached to a conviction, we hold that it cannot erase the *fact* that the offender was convicted of an infamous crime and it is the fact of conviction alone, not its continuing viability, which renders the offender ineligible to hold public office.

*Id.* at 1081 (emphasis in original). We rejected defendant's reliance on the dictum of *Ex parte Garland,* observing that "a century of judicial sculpturing has left more form than substance to the opinion." 369 A.2d at 1080.

Here, Skinner is not within the class of persons the General Assembly sought to protect in enacting the expungement statute. While the pardon may have forgiven his conviction, it did not obliterate the public memory of the offense. *State v. Grant; State ex rel. Wier v. Peterson.* In Delaware, as in Illinois, "[t]he legislature has not acted to authorize the expunction of arrest records ... [of] a convicted person upon the granting of a pardon, and it cannot be concluded that the simple issuance of a pardon vests the recipient with an entitlement to this expunction...." *People v. Glisson,* Ill.Supr., 69 Ill.2d 502, 14 Ill.Dec. 473, 474, 372 N.E.2d 669, 670 (1978).

In *Glisson,* the petitioner had been convicted and pardoned for one crime and had been arrested seven other times but released without charge. An Illinois statute provided for expungement of arrest records for persons arrested but acquitted or released without conviction only if the person had no prior conviction. *Compare,* 11 *Del.C.* § 4373(a). Petitioner argued that his pardon erased the conviction and thus entitled him to expungement. The court rejected this argument and held that "[t]he petitioner, because of his conviction, is obviously beyond the statute's reach." 14 Ill.Dec. at 475, 372 N.E.2d at 671.

Similarly, Skinner is beyond the Delaware statute's reach because he admitted guilt, thus he cannot be "free from guilt," notwithstanding his pardon. As discussed above, a pardon does not erase guilt.[5] It "does not create any factual fiction that [Skinner's] conviction had not occurred to justify expunction of his criminal court record." *United States v. Noonan,* 906 F.2d at 960 (citation omitted).

■ The Delaware statute is carefully drafted; it permits expungement only in limited circumstances such as acquittal, nolle prosequi or other dismissal, consistent with its intent to protect innocent persons. It is well settled that statutory language is to be given its plain meaning and that when a statute is clear and unambiguous there is no need for statutory interpretation. *Sostre v. Swift,* Del.Supr., 603 A.2d 809, 813 (1992).[6]

**4.** "No person who shall be convicted of ... [an] infamous crime, shall be ... capable of holding any office of trust, honor or profit under this State."

**5.** We are not here dealing with a pardon granted upon grounds of innocence, which would pose an entirely different issue.

**6.** Skinner's reliance upon *Gregg v. State,* Del.Super., C.A. No. 82M–JA–7, Martin, J. (March 25, 1985), is misplaced. There, the petitioner had been convicted once and had been arrested three other times, but those charges were either dismissed or nolle prossed. He sought expungement only of the three arrests which did not lead to conviction. He did not seek, and was not granted, expungement of the arrest record of the conviction, which had been the subject of a pardon. In granting expungement of the records of the three non-conviction arrests, the court stated that the word "innocent" should be broadly in-

A review of expungement decisions in other states strongly suggests that entitlement is controlled by express statutory limitations. New Jersey's extensive statutory scheme allows for expungement of arrests resulting in acquittal or dismissal and certain convictions. *N.J.S.A.* 2C:52–1 *et seq. See State v. A.N.J.*, N.J.Supr., 98 N.J. 421, 487 A.2d 324 (1985). Connecticut provides for automatic expungement of police and court records relating to a conviction which is the subject of an absolute pardon. *Conn.G.S.* § 54–142a(d). *See Doe v. Manson*, Conn.Supr., 183 Conn. 183, 438 A.2d 859 (1981). Rhode Island requires expungement when there is acquittal or exoneration if the arrestee had not previously been convicted of an offense involving moral turpitude. *R.I.G.L.* § 12–1–12. *See State v. Gobern*, R.I.Supr., 423 A.2d 1177 (1981). New Hampshire allows for the annulment of records of certain convictions. *N.H. R.S.A.* 651:5. *See State v. Roger A.*, N.H.Supr., 121 N.H. 19, 424 A.2d 1139 (1981). In all of the cases cited above, the courts looked to the language of the statute to determine entitlement to expungement and did not suggest that due process entitled a person to expungement if a charge resulted in acquittal, dismissal, or pardon. If the Delaware General Assembly had intended to permit the expungement of pardoned convictions, presumably it would have expressly done so, as was done in Connecticut.[7]

Pennsylvania expungement law is far different from that of other jurisdictions, including Delaware, undercutting Skinner's reliance on *Commonwealth v. C.S.*, Pa.Supr., 517 Pa. 89, 534 A.2d 1053 (1987). There, the petitioner had also been convicted and subsequently pardoned. The Pennsylvania Supreme Court held that the petitioner was entitled to expungement because a pardon "blots out the very existence of his guilt, so that, in the eye of the law, he is thereafter as innocent as if he had never committed the offense." *Id.* 534 A.2d at 1054. That broad language echoing the dictum in *Ex parte Garland* has been rejected by the federal courts, *see United States v. Noonan*, 906 F.2d at 958, and by this Court in *State ex rel. Wier v. Peterson*. Additionally, the court stated, without elaboration or citation, that "[a] pardon without expungement is not a pardon." 534 A.2d at 1054. That statement is inexact because a pardon without expungement is clearly significant in that it restores civil rights that may have been lost. *See Peterson*, 369 A.2d at 1081.

Further, the legal basis of a court's power to order expungement in Pennsylvania is unclear. *Commonwealth v. Malone*, 244 Pa.Super. 62, 366 A.2d 584, 587 (1976). In *C.S.*, the court did not cite any statutory basis for its expungement order. The Pennsylvania expungement statute, 18 *Pa.C.S.A.* § 9122, is far different than the Delaware statute and clearly not the sole basis for expungement in that State.[8] Indeed, Pennsylvania courts have held that there is a right to expungement of criminal records that is adjunct to due process and thus requires a hearing. *Malone*, 366 A.2d at 588; *Commonwealth v. Bailey*, 278 Pa.Super. 51, 419 A.2d 1351, 1352 (1980). However expungement may be characterized in Pennsylvania, it suffices to say that is much different from expungement in Delaware, where the legislature carefully crafted a statute governing the matter.

terpreted in order to give meaning to both § 4371 and § 4373(a), since a prior conviction only establishes prima facie evidence that manifest injustice would not result from retention of records of non-conviction arrests. To do otherwise, the court reasoned, would render the presumption conclusive, contrary to the statute's design. While the court's reasoning was sound for purposes of § 4373(a), it does not follow that "innocent" should be construed as to include a pardon in light of the authorities cited above and in view of the fact that § 4372 permits expungement only in three specific circumstances.

7. Our ruling that the Delaware expungement statute does not encompass pardoned convictions

is not intended to suggest that there is any conceptual barrier to such a provision. Indeed, it can be argued that a pardon to be complete should entitle the pardoned individual, otherwise qualified to seek expungement, to secure the removal of public records of his or her arrest. Thus, the General Assembly may wish to consider amending the expungement statute to permit a pardoned individual to seek expungement.

8. The statute provides, *inter alia*, that arrest records shall be expunged when a court order so requires. 18 *Pa.C.S.A.* § 9122(a)(2). The statute was enacted in 1979, after the courts had already recognized a right of expungement. *See Malone*, 366 A.2d 584.

■ Delaware's expungement statute permits expungement of records only for arrests resulting in acquittal, nolle prosequi or other dismissal. Skinner, because of his conviction, falls outside the specific categories of persons expressly entitled to expungement. Skinner's pardon, while restoring his civil rights, does not "blot out the existence of guilt." Thus, Skinner is not within the class of persons the legislature sought to protect through the expungement statute. The Superior Court erred in ordering expungement.

The Superior Court order denying the State's motion to vacate the order of expungement is REVERSED and the matter is remanded to the Superior Court with directions to vacate its order of expungement and to enter an order denying Skinner's petition for expungement.