651 A.2d 144

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**J.C.K.**

Superior Court of Pennsylvania.

Submitted Sept. 27, 1994.

Filed Nov. 28, 1994.

2

Kevin F. McCarty, Asst. Dist. Atty., Pittsburgh, for Com., appellant.

Joseph E. Vogrin, III, Pittsburgh, for appellee.

Before WIEAND, OLSZEWSKI and KELLY, JJ.

KELLY, Judge:

In this opinion, we are called upon to determine whether a conditional gubernatorial pardon precludes a person from having his entire criminal record expunged. We hold that it does and affirm in part, reverse in part, and remand for further proceedings in accordance with this opinion.

The facts and procedural history of this case are as follows. Appellee was adjudged guilty of various criminal charges, including aggravated assault, simple assault, disorderly conduct, underage drinking and harassment, all of which took place between 1978 and 1985. Appellee was sentenced to two years probation on the aggravated assault conviction in 1979, and three years probation on two counts of simple assault in 1985. Appellee was sentenced to pay fines on all other offenses. Appellee served his sentence and paid the requisite fines.

On April 22, 1993, Governor Robert P. Casey granted appellee pardons on all his convictions. On July 8, 1993, appellee filed a motion to expunge his criminal record. At a hearing on appellee's motion to expunge on September 9, 1993, the trial court granted the motion. The trial court then issued expungement orders to the Honorable Robert E. Colville (District Attorney, Allegheny County), David Brandon (Bail Agency), City Court (District Magistrate), Pittsburgh Police (Arresting Agency), Bureau of Criminal Information, Pennsylvania State Police/F.B.I., Sheriff's Office, and the Clerk of Courts, Allegheny County. The order directed the aforementioned keepers of criminal records to expunge and destroy the official and unofficial arrest and other documents pertaining to the arrest or prosecution of the appellee.

The Commonwealth subsequently filed a motion to stay the order of expungement pending the outcome of appeal. The trial court granted the Commonwealth's motion on October 12, 1993, and this timely appeal followed.

The Commonwealth raises the following issue for our review:

WHETHER THE LOWER COURT ERRED IN GRANTING APPELLEE'S MOTION TO EXPUNGE CRIMINAL RECORDS?

Commonwealth's Brief at 5.

The instant appeal asks this Court to assess the effect of a conditional gubernatorial pardon on appellee's petition to expunge his criminal record. Governor Casey granted appellee's request for pardons of each of his prior convictions. The pertinent language of each pardon was identical and reads as follows:

"THEREFORE, KNOW, YE, That in consideration of the premises and by virtue of the authority vested in me by the Constitution, I have pardoned the said [J.C.K.] of the crimes whereof he was convicted as aforesaid, and he is hereby thereof fully pardoned accordingly. Subsequent to the date I affix my signature below, conviction for a new summary, misdemeanor, or felony offense may, upon a hearing by the

Board of Pardons, render my granting of this clemency null and void."

(Gubernatorial Pardon, Robert P. Casey, Governor, April 22, 1993).

The Pennsylvania Constitution vests in the Governor the sole authority to grant pardons. Pa. Const. Art. IV, § 9(a).[1] We note that the Governor's pardon in this case is a conditional pardon.[2] Our courts have long recognized the Governor's authority to grant conditional pardons. *See Narcise v. Eastern State Penitentiary*, 137 Pa.Super. 394, 399, 9 A.2d 165, 167 (1939) (citing *Flavell's Case*, 8 Watts & Serg. 197 (1844) (governor has power to grant pardons with a binding condition subsequent, on breach of which the pardon would become null, and the original sentence be carried into effect)).

The rationale for imposing conditions on gubernatorial pardons was eloquently stated by the Supreme Court of Virginia as follows:

1.  In all criminal cases except impeachment, the Governor shall have power to remit fines and forfeitures, to grant reprieves, commutation of sentences and pardons; but no pardon shall be granted, nor sentence commuted, except on the recommendation in writing of a majority of the Board of Pardons, after full hearing in open session, upon due public notice. The recommendation, with the reasons therefor at length, shall be delivered to the Governor and a copy thereof shall be kept on file in the office of the Lieutenant Governor in a docket kept for that purpose.
    Pa. Const. Art. IV, § 9(a).

2.  A conditional pardon is
    [o]ne to which a condition is annexed, performance of which is necessary to the validity of the pardon. A pardon which does not become operative until the grantee has performed some specific act, or where it becomes void when some specific event transpires. One granted on the condition that it shall only endure until the voluntary doing of some act by the person pardoned, or that it shall be revoked by a subsequent act on his part, as that he shall leave the state and never return.
    Black's Law Dictionary, 5th Ed. at 1003. *Compare*
    Absolute or unconditional pardon. One which frees the criminal without any condition whatever. That which reaches both the punishment prescribed for the offense and the guilt of the offender. It obliterates in legal contemplation the offense itself.
    *Id.*

A pardon is granted on the theory that the convict has seen the error of his ways, that society will gain nothing by his further confinement, and that he will conduct himself in the future as an upright, law-abiding citizen. However, it is fitting, under some circumstances, that certain conditions insuring good conduct should be required of the convict for this opportunity to escape the service of the full penalty prescribed for his former crimes. A future violation of the penal law, whether such takes place during the period that the pardoned convict was originally sentenced or thereafter, demonstrates that the time actually served by the convict was not enough to impress upon him the error of his old course of conduct. . . .

*Wilborn v. Saunders*, 170 Va. 153, 162, 195 S.E. 723, 726 (1938). With these principles in mind, we address the Commonwealth's argument. The Commonwealth avers that the trial court committed error by ordering the expungement of all of appellee's criminal records. Specifically, the Commonwealth asserts that in order for the gubernatorial pardon to be revoked and convictions reinstated in the event that appellee breaches the condition, a record of appellee's convictions must be maintained by an agency having both an interest in seeing that appellee upholds his obligation and the ability to know when appellee has been convicted of another offense. Thus, the Commonwealth concludes, the Office of the District Attorney, Allegheny County, is the proper agency for this responsibility. We agree with the Commonwealth that under these circumstances, appellee's criminal record must be maintained by a criminal justice agency of the Commonwealth in order to effectuate the condition of the Governor's pardon. However, based on the foregoing, we conclude that the Pennsylvania State Police is the governmental agency best equipped to carry out the requirements of the Governor's pardon.

Instantly, the trial court stated that it was bound by our Supreme Court's decision in *Commonwealth ex rel. Banks v. Cain*, 345 Pa. 581, 28 A.2d 897 (1942), to order the expungement of appellee's record. In *Commonwealth ex rel. Banks v. Cain, supra*, the court was faced with a constitutional chal-

lenge to the act which created the Pennsylvania Board of Probation and Parole.[3] The act was challenged, *inter alia,* as an infringement on the power of the governor to grant commutations of sentence and pardons. In illustrating the difference between a pardon and parole, the court stated the following:

> A pardon is the exercise of the sovereign's prerogative of mercy. It completely frees the offender from the control of the state. It not only exempts him from further punishment but relieves him from all the legal disabilities resulting from his conviction. It blots out the very existence of his guilt, so that, in the eye of the law, he is thereafter as innocent as if he had never committed the offense: *Diehl v. Rodgers,* 169 Pa. 316, 319, 32 A. 424, 425 [1895]; *Commonwealth v. Quaranta,* 295 Pa. 264, 273, 145 A. 89, 93 [1928]; *Commonwealth v. House,* 10 Pa.Super. 259, 264, 265.

*Commonwealth ex rel. Banks v. Cain, supra* at 585–86, 28 A.2d at 899 (emphasis omitted). This case, however, involves a conditional pardon. Our research discloses that neither *Commonwealth ex rel. Banks v. Cain, supra,* nor the cases it cites in support of the aforementioned proposition involved the factual scenario presented here. Thus, because we find *Commonwealth ex rel. Banks v. Cain, supra,* factually inapplicable to the instant case, we conclude that the trial court erred in finding that *Commonwealth ex rel. Banks v. Cain, supra,* mandates expungement of appellee's criminal record.

Moreover, although we recognize that our Supreme Court in *Commonwealth v. C.S.,* 517 Pa. 89, 92–93, 534 A.2d 1053, 1054 (1987), restated the same principle set out in *Commonwealth ex rel. Banks v. Cain, supra,* as supportive of its conclusion that "a pardon without expungement is not a pardon," there exists no evidence that *Commonwealth v. C.S., supra,* or any of the cases cited by appellee involved a conditional pardon as here. Thus, we are constrained to conclude that *Commonwealth v. C.S., supra,* is not controlling of the instant appeal.[4]

3. Act of August 6, 1941, P.L. 861, 61 P.S. § 331.1 *et seq.*

4. We do agree, however, that *Commonwealth v. C.S., supra* does reverse the line of cases that held that expungement of a criminal record was

■ However, our analysis does not end here. Our review of the pertinent statutes and case law in light of the condition contained in appellee's pardons reveals that there appears to be no mechanism in place to reinstate the convictions of a pardoned convict who breaches a condition of his pardon. Additionally, our research of the relevant case law fails to shed any light on this issue, because none of the prior decisions of our appellate courts appear to have addressed the propriety of an expungement order following the grant of a conditional pardon.[5] The record reflects the trial court's concern with this issue as well:

not permitted where the gubernatorial pardon was for reasons other than the innocence of the former convict, because in *Commonwealth v. C.S., supra,* the appellant plead guilty, was convicted, served the minimum sentence and completed parole without incident. *See e.g., Commonwealth v. Homison,* 253 Pa.Super. 486, 385 A.2d 443 (1978) (*en banc*) (grant of full pardon for reasons other than innocence does not entitle defendant to expunction of his criminal record); *Commonwealth v. Binder,* 267 Pa.Super. 558, 407 A.2d 50 (1979) (governor's grant of full pardon, for reasons other than innocence, does not entitle one who has been convicted of a crime to expunction of his criminal record); *Cohen v. Barger,* 11 Pa.Cmwlth. 617, 314 A.2d 353 (1974) (full pardon granted to accused did not entitle him to have his criminal record expunged from state police files where pardon had not been granted for innocence). As those cases similarly did not involve a conditional pardon, the Supreme Court's reversal *sub silentio* of those cases does not affect our disposition of the instant appeal.

5.  We note that our Supreme Court in *Commonwealth v. C.S., supra,* did not mention whether the pardon granted in that case was a full or conditional pardon. However, our review of the Governor's pardon in this case reveals that the standard pardon form used by the Governor's Office concludes with the following scripted phrase: "... [he/she] is hereby thereof fully pardoned accordingly." The typewritten condition was inserted immediately following the form language. While we cannot be sure that Governor Casey utilized the same form language in granting the pardon referred to in *Commonwealth v. C.S., supra,* as he did in this case, the fact remains that the court in *Commonwealth C.S., supra,* did not discuss or mention that anything other than a "standard" gubernatorial pardon was granted. Had the pardon in that case contained any conditions, let alone one identical to the condition in this case, we are of the opinion that the Supreme Court would have mentioned it, for it would have been relevant to the propriety of an expungement order. As the court did not make mention of *any* condition, much less one identical to the condition at issue here, we are constrained to re-state that the Court's decision in *Commonwealth v. C.S., supra* is not controlling.

8

THE COURT: I think that what you should do, after I grant these, which I'm going to do today, is to take an appeal.

I don't like to be appealed that often, but there is something screwy here, and I think that it is up to the appellate courts to decide this.

If the Governor is going to grant a pardon, he is going to grant temporary pardons or conditional and revocable pardons, or whatever he wants to call it, I don't know because I never heard of it.

(N.T. 9/9/93 at 7).

In order to give full effect to the condition in appellee's pardon, the executive branch, headed by the Governor, must have the ability to exercise its right to nullify appellee's pardon. It necessarily follows then, that appellee's prior criminal record must continue in existence in order for the Governor to reinstate appellee's prior criminal record. If appellee's criminal records were to be expunged [6] *in toto,* and thus, cease to exist in the eyes of the law, the condition contained in appellee's pardon would be rendered meaningless. Therefore, we conclude that under the circumstances presented here, *some* record of appellee's prior convictions must be kept in order to effectuate the Governor's conditional pardon.

Instantly, the trial court accepted as credible appellee's assertion that his pardon was granted to clear his name and enhance his employment prospects. The trial court then ordered numerous governmental agencies to expunge their records of appellee's convictions.

**6.** "Expunge" is defined in the Criminal History Record Information Act, 18 Pa.C.S.A. § 9101 *et seq.* as:

(1) To remove information so that there is no trace or indication that such information existed;

(2) to eliminate all identifiers which may be used to trace the identity of an individual, allowing remaining data to be used for statistical purposes; or

(3) maintenance of certain information required or authorized under the provisions of section 9122(c) (relating to expungement), when an individual has successfully completed the conditions of any pretrial or post-trial diversion or probation program.

18 Pa.C.S.A. § 9102.

We agree with the trial court that a pardoned convict should be given the opportunity to pursue employment without the stigma of a prior conviction attached to his name. Moreover, we recognize the obvious negative implications that may arise from a potential employer's standard criminal background check,[7] that turns up a prior conviction, notwithstanding the existence of a gubernatorial pardon.

> The harm associated with a prior criminal conviction like [t]he harm ancillary to an arrest record is obvious: Information denominated a record of arrest, if it becomes known, may subject an individual to serious difficulties. Even if no direct economic loss is involved, the injury to an individual's reputation may be substantial. Economic losses themselves may be both direct and serious. Opportunities for schooling, employment, or professional licenses may be restricted or nonexistent as a consequence of the mere fact of an arrest, even if followed by acquittal or complete exoneration of the charges involved.

*Commonwealth v. Malone,* 244 Pa.Super. 62, 68, 366 A.2d 584, 588 (1976) (quoting *Menard v. Mitchell,* 139 U.S.App.D.C. 113, 430 F.2d 486, 490–91 ( [D.C.Cir.] 1970).

We laud appellee for his accomplishments and apparent rehabilitation, and we share his concerns. However, in the interest of justice, and due to the conditional nature of the Governor's pardon, we conclude that appellee's criminal record must be kept in existence for the sole limited purpose of reinstating his prior convictions in the event appellee is subsequently convicted of a new summary, misdemeanor, or felony offense.

We are, therefore, of the opinion that the Pennsylvania State Police is the proper agency to maintain appellee's criminal record for this purpose.[8] However, in keeping with the

---

7.  The Criminal History Record Information Act, 18 Pa.C.S.A. § 9101 *et seq.* permits the dissemination of criminal history record information to individuals and non-criminal justice agencies upon request. *See* 18 Pa.C.S.A. § 9121.

8.  We note that the Commonwealth suggests that the Office of the District Attorney for Allegheny County would be the appropriate agency

overarching interests of appellee, we direct that appellee's criminal record must be extracted from the central repository [9] and its automated system, and be sealed by the trial court and returned to the Pennsylvania State Police. We further direct that the information contained therein shall not be disseminated to any person, or organization, with the sole exception of inquiries from criminal justice agencies as defined in the Criminal History Record Information Act, 18 Pa.C.S.A. § 9101 *et seq.*, for the exclusive purpose of instituting proceedings to reinstate appellee's prior convictions in the event appellee is subsequently convicted of a new summary, misdemeanor, or felony offense, as provided by the condition of his pardon. Finally, we direct the trial court to change the caption of this case to correspond with this court's caption in order to preserve the confidentiality of appellee.

Thus, we conclude that the trial court erred by ordering the expungement of appellee's criminal record, as that order relates to the Pennsylvania State Police. Therefore, we affirm the trial court's expungement orders directed to the District Attorney of Allegheny County, David Brandon (Bail Agency), City Court (District Magistrate), the Pittsburgh Police Department (Arresting Agency), Bureau of Criminal Information, the F.B.I., the Sheriff's Office (Allegheny County) and the Clerk of Courts, Allegheny County. We reverse the trial court's order directing the Pennsylvania State Police to expunge appellee's criminal record, and remand for proceedings in accordance with this memorandum.

Jurisdiction relinquished.

for this task because it has an interest in making sure that appellant complies with the condition and the ability to know when appellee has been convicted of another criminal offense. However, in light of the fact appellee is not bound in any way to remain in Allegheny County, we are of the opinion that the Pennsylvania State Police is in the best position to monitor criminal proceedings and dispositions throughout the entire Commonwealth. Moreover, our decision is consistent with the Pennsylvania State Police's statutory duty to maintain criminal records and information. 18 Pa.C.S.A. § 9101 *et seq.*; 61 P.S. § 2171.

9. *See* Criminal History Record Information Act, 18 Pa.C.S.A. § 9102, which defines "central repository" as the central location for the collection, maintenance and dissemination of criminal history record information by the Pennsylvania State Police.