664 A.2d 593

**COMMONWEALTH of Pennsylvania**

v.

**James Dennis RESTAURI, Appellant.**

*Superior Court of Pennsylvania.*

Submitted June 5, 1995.

Filed Aug. 29, 1995.

594

James D. Restauri, pro se, appellant.

Terry J. Williams, Assistant District Attorney, State College, for Com., appellee.

Before ROWLEY, President Judge, and SAYLOR and HOFFMAN, JJ.

ROWLEY, President Judge.

Appellant James Dennis Restauri claims in this pro se direct appeal that the trial court erred in denying his petition to find the State College Bureau of Police Services in contempt of a court order to expunge all "records of [his] arrest or prosecution" for summary offenses. We affirm.

Before addressing appellant's claim, it is necessary to review the complicated procedural history that preceded this appeal.

According to the expungement petition, appellant James Restauri was arrested by the State College police on a variety of summary charges between 1979 and 1985. At some point thereafter, appellant applied to and was hired by the Delaware State Police, after failing to disclose any record of his prior arrests in Pennsylvania. Appellant consequently was charged with a violation of the Delaware State Police Rules and Regulations when the Delaware authorities were supplied with

his arrest records by the authorities in State College in July, 1991.

On September 23, 1991, appellant presented the Centre County Court of Common Pleas with a petition to expunge his records, claiming that the charges accruing from the prosecutions in Pennsylvania were "paid in full" and that there was no "justification [ ] for the Commonwealth to maintain" his records. The trial court granted appellant's petition the same day, without a hearing and without objection from the Commonwealth.

On August 12, 1993, appellant filed a motion in Centre County requesting that the trial court compel the Delaware State Police to comply with the court's September, 1991, order of expunction. The trial court held a hearing on the motion on January 10, 1994, and subsequently denied appellant's motion. In an unpublished memorandum, a panel of this Court recently affirmed the trial court's action on the grounds that the records had been sent to Delaware by the State College police authorities prior to the entry of the expunction order, and further, that the Delaware Police held appellant's records as an employer, not as a criminal justice agency. *Commonwealth v. Restauri*, No. 218 Harrisburg 1994 (filed 7/11/95).

In the meantime, on June 22, 1994, appellant also filed a petition to hold the State College police in contempt, alleging that they had not completely destroyed his records as mandated by the trial court's 1991 expunction order.[1] The trial court held a hearing on this petition also, on August 26, 1994. This petition was denied in an order and opinion dated September 21, 1994. Timely notice of appeal was filed with this Court on

---

1. The trial court's order of expungement read, in pertinent part:
   [A]ll authorities maintaining official and unofficial records of arrest or prosecution or other criminal records shall immediately upon receipt of this Order:
   1. Remove, expunge *and destroy* any record of the above arrest or prosecution of the defendant, including fingerprints and photographs or any citations relating to the above-named individual.
   2. Execute the affidavit below, return this Order to the Court and retain no copies thereof or any correspondence or reference thereto.
   Order, 9/23/91 (emphasis supplied).

October 18, 1994. It is this appeal that is presently before us for decision.

Appellant contends that *somewhere* there *may* still exist a sealed, paper record of his arrests, asserting that nothing short of physical destruction satisfies the plain language of the court's expunction order, and nothing short of physical proof that this was done will save the State College police from a contempt citation.[2] The trial court, essentially conceding that some record of appellant's arrest and prosecution *may* still exist *somewhere*, although sealed and inaccessible, similarly focuses its efforts on asserting that "destruction" of the records was not what it meant to say when ordering "expunction" of appellant's records. The Commonwealth, choosing not to contradict appellant's assertions that his records may still exist somewhere, argues instead that destruction is not legally required in expungement orders, citing to the Criminal History Record Information Act, 18 Pa.C.S. § 9101 *et seq.*[3]

Interesting though all of the above arguments may be, and understandable in light of the language contained in the expunction order,[4] they are beside the point. We need not

2.  Appellant relies upon the following for a definition of "expunge":
    > To destroy; blot out; obliterate; erase; efface designedly; strike out wholly. The act of physically destroying information—including criminal records—in files, computers, or other depositories.
    Black's Law Dictionary 522 (5th ed. 1979).

3.  "Expunge" is defined in the Criminal History Record Information Act as:
    > (1) To *remove information* so that there is no trace or indication that such information existed;
    > (2) to *eliminate all identifiers* which may be used to trace the identity of an individual, allowing remaining data to be used for statistical purposes; or
    > (3) maintenance of certain information required or authorized under the provisions of section 9122(c) (relating to expungement), when an individual has successfully completed the conditions of any pretrial or post-trial diversion or probation program.
    18 Pa.C.S. § 9102 (emphasis supplied).

4.  Our review of relevant case law and statutory language indicates that expungement is commonly granted in language which would seem to require a law enforcement agency to remove and "destroy" criminal records. *See, e.g., Wolfe v. Beal*, 477 Pa. 477, 384 A.2d 1187 (1978) (Supreme Court reversed determination by Commonwealth Court that

reach the question of whether appellant is entitled to "destruction" rather than (or in addition to) "removal" of his records from the files and computers at State College. At the hearing held in this case on August 26, 1994, the officer in charge of records and data processing, Corporal Stuller, testified that the records "were removed within a day to two days" after he received the court's expungement order. In addition, the chief of the State College police department, Thomas King, testified that "[t]here are no records in our computer system or in our incident files regarding Mr. Restauri. [ ] There are no records in any files existing[,] formal or informal in any .office of the State College Police Department, mine includ[ed]." Thus, the trial court determined that there were no grounds upon which to find the State College Police in contempt.

A close reading of appellant's argument confirms our conclusion that appellant is really petitioning the trial court to find that the police in State College *were* in contempt at some undefined time prior to the August 26, 1994, hearing. For this contention appellant relies upon Corporal Stuller's testimony at the earlier hearing on appellant's motion to compel the Delaware authorities to comply with the expunction order, held on January 10, 1994, or seven months before the hearing on appellant's contempt petition was held. In this regard, appellant completely misunderstands the purpose of a petition for civil contempt, which is to "coerce the contemnor into compliance" with a court order, or face sanctions. *Rulli v. Dunn*, 337 Pa.Super. 613, 487 A.2d 430 (1985). However, the

lack of statutory authority to expunge records of commitment to mental hospital precluded destruction of records); *Commonwealth v. J.C.K.,* 438 Pa.Super. 1, 651 A.2d 144 (1994) (trial court ordered expunction and destruction of records when conditional pardon granted); *Conroy v. Com. Dept. of Transp.,* 97 Pa.Commonwealth Ct. 344, 345, 509 A.2d 941, 942 (1986) (expungement order required "keepers of criminal records [to] expunge and destroy" records), *appeal denied,* 514 Pa. 626, 522 A.2d 51 (1987); *Wisniewski v. Commonwealth,* 73 Pa.Commonwealth Ct. 318, 320 n. 1, 457 A.2d 1334, 1336 n. 1 (1983) (expungement order required keepers of records to "expunge and destroy" records); 35 P.S. § 780–119 (trial court shall order appropriate keepers of criminal records to expunge and destroy records following acquittal, dismissal, or withdrawal of charges).

question before the trial court was whether, *on August 26, 1994,* any records existed, anywhere.

The certified record from the hearing on appellant's contempt petition confirms the fact that a search of the computerized records system at State College disclosed no reference to appellant or his arrests.[5] Whether such records were still in existence at some time prior to the contempt hearing in August, 1994, is wholly irrelevant for purposes of a contempt proceeding. Civil contempt proceedings are not intended to provide sanctions in hindsight. Appellant may find testimony from the chief of the State College Police Department[6] that *no* records exist *anywhere* inadequate. We find it as compelling as did the trial court: there was no

5. We would make short shrift of the "validity" of the trial court's expungement order, were it before us. Appellant was not entitled to it in the first place, as it appears that his request for expunction is not related to a claim that the charges against him were withdrawn or dismissed, or that he was acquitted. *See Commonwealth v. W.P.,* 417 Pa.Super. 192, 612 A.2d 438 (1992) (expunction normally granted where petitioner found not guilty, charges were dismissed at preliminary hearing stage, or ARD program completed); *Commonwealth v. Cook,* 359 Pa.Super. 216, 518 A.2d 858 (1986) (defendant who pled guilty not entitled to expungement, where not provided for by statute). While the judicial remedy of expunction is not dependent upon statutory authority, it is properly granted only where "acquittal is consistent with a finding of real innocence." *Commonwealth v. Rose,* 263 Pa.Super. 349, 351, 397 A.2d 1243, 1244 (1979).

   However, this question is not before us, and the unfortunate granting of appellant's petition for expunction has spawned a wealth of unnecessary litigation, including the instant appeal. In this regard, we concur with the statement filed by Judge Cavanaugh in the related litigation at No. 218 Harrisburg 1994, which noted that appellant has "already received a greater benefit than is generally allowed by the courts of this Commonwealth." *Commonwealth v. Restauri, supra* (Cavanaugh, J., concurring).

6. In his motion for reconsideration, filed October, 1994, appellant for the first time challenged admission of testimony given by the chief of police at the contempt petition hearing on August 26, 1994, for failure to lay a proper foundation. This issue is waived, as appellant failed to preserve it through a timely objection when the testimony was offered. *Commonwealth v. Smith,* 414 Pa.Super. 208, 606 A.2d 939 (1992) (Superior Court will not review claim on appeal if not called to trial court's attention at time when any alleged error could be corrected), *appeal denied,* 533 Pa. 624, 620 A.2d 490 (1993).

evidence that, as of August 26, 1994, any of appellant's records still existed, anywhere.

Appellate review of a trial court's actions relies heavily upon the sound discretion of the trial judge. *Goodman v. Goodman,* 383 Pa.Super. 374, 556 A.2d 1379 (1989). Reversal occurs only in the event that a clear abuse of the trial court's discretion is evident. *Mueller v. Anderson,* 415 Pa.Super. 458, 609 A.2d 842 (1992). It was not an abuse of the trial court's discretion to find that testimony that appellant's arrest records no longer exist constitutes compliance with the trial court's expunction order of September 21, 1991. As there is no remedial action left for the State College Police to take, there is no basis for finding them in contempt. *Rulli, supra,* at 613, 487 A.2d at 430 (civil contempt defined as a refusal to do an act ordered).

In summary, it is clear that appellant was convicted of the offenses for which he requested expungement. We have no record to enlighten us as to why the trial court granted the expunction order. No hearing on the matter was held, and the Commonwealth inexplicably acquiesced in appellant's request. No appeal regarding the questionable propriety of the expunction order was taken. The evidence presented at the hearing on appellant's petition for contempt proves conclusively that no records of appellant's arrest or prosecution existed *on August 26, 1994.* Thus, there is nothing left for the State College Police to do in order to comply with the trial court's expungement order and there are no grounds for a finding of contempt. We affirm the trial court's action on this basis, without deciding the legal question of whether expunction requires physical destruction of records. *Turnway Corp. v. Soffer,* 461 Pa. 447, 336 A.2d 871 (1975) (appellate court may sustain correct result on a basis other than that relied upon by trial court).

Order affirmed.