# IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CORRINE SHAW | § | |
| | § | No. 552, 2014 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | Court Below – Superior Court |
| | § | of the State of Delaware in and |
| v. | § | for New Castle County |
| | § | |
| BANK OF AMERICA, N.A., | § | C.A. No. N11L-08-086 |
| successor by merger with BAC | § | |
| HOME LOANS SERVICING, | § | |
| LP FKA COUNTRYWIDE HOME | § | |
| LOANS assignee of MORTGAGE | § | |
| ELECTRONIC REGISTRATION | § | |
| SYSTEMS, INC., as nominee for | § | |
| HAMILTON NATIONAL | § | |
| MORTGAGE COMPANY, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: February 6, 2015
Decided: April 21, 2015

Before **STRINE**, Chief Justice, **VALIHURA** and **VAUGHN**, Justices.

### ORDER

This 21st day of April 2015, upon consideration of the briefs of the parties and the Superior Court record, it appears to the Court that

(1) The defendant/appellant, Corrine Shaw, filed this appeal from the Superior Court's order dated September 17, 2014 that summarily dismissed her "motion for relief from judgment" in a mortgage foreclosure action. We find no merit to the appeal. Accordingly, we AFFIRM.

(2)    In 2005, Shaw entered into a mortgage agreement with Hamilton National Mortgage Company. The mortgage secured a $325,000.00 loan against Shaw's residential property in Bear, Delaware (hereinafter "the Property"). Under the terms of the mortgage, Shaw promised to pay the loan in monthly installments. The mortgage also provided that if Shaw defaulted, the mortgage company could require immediate payment in full on the loan secured by the mortgage. In 2006, the mortgage was assigned and the note was transferred to the plaintiff/appellee, Bank of America ("BOA").

(3)    In September 2009, Shaw stopped making the monthly mortgage payments. Thereafter, Shaw was notified that she was in default and that if the default was not cured, BOA would accelerate the balance due on the loan secured by the mortgage.

(4)    In August 2011, BOA filed an *in rem scire facias sur* mortgage action against Shaw, seeking all sums due under the mortgage. In December 2012, at BOA's request, the matter was transferred to the dormant docket. In July 2013, at BOA's request, the matter was transferred back to the active docket, and BOA filed a motion for judgment. In August 2013, Shaw filed an answer in opposition to the motion, claiming that the mortgage was "void" because BOA was "not the holder in due course of the Original Note."

2

(5) In September 2013, Shaw filed for Chapter 7 bankruptcy, which effectively stayed the Superior Court action. In 2014, when the stay was lifted, BOA revived its motion for judgment.

(6) The Superior Court Judge assigned to the case referred BOA's motion for judgment to a Commissioner for consideration and disposition. At a hearing held on February 28, 2014, Shaw's son, Levance Richardson ("Richardson"), asked to appear on behalf of Shaw who, he said, was unable to attend due to illness. Richardson also asked to intervene in the action, contending that Shaw had recently signed a quitclaim deed that purported to assign her interest in the Property to him. When BOA objected, arguing that a quitclaim deed was in violation of the terms of Shaw's mortgage, the Commissioner denied Richardson's request to intervene as a party to the action. As a "courtesy," however, the Commissioner allowed Richardson to participate in the hearing on behalf of Shaw. At the hearing, Richardson argued that the mortgage was void because BOA was not the "holder in due course," and that the debt secured by the mortgage was discharged in bankruptcy.

(7) At the conclusion of the February 28, 2014 hearing, the Commissioner granted BOA's motion for judgment. The Commissioner concluded that there was a valid mortgage that was not paid, and that Shaw had not pled a meritorious defense to the action brought by BOA as the proper party in interest. In a written

3

order entered on February 28, 2014, the Commissioner entered a judgment in BOA's favor in the amount of $412,542.70.

(8)     Thereafter, between February 28, 2014 and March 13, 2014, Shaw and Richardson filed motions and amended motions asking the Commissioner to "reconsider" the February 28, 2014 order. By orders dated March 12 and March 17, 2014, the Commissioner denied the motions and amended motions.

(9)     Shaw and Richardson appealed the Commissioner's February 28, 2014, March 12 and March 17, 2014 orders to the Superior Court Judge assigned to the case. In motions and amended motions filed between March 25, 2014 and May 5, 2014, Shaw and Richardson argued that Richardson should be allowed to intervene in the action, that the mortgage was void due to BOA's lack of standing to bring the action, and that the debt secured by the mortgage was discharged in bankruptcy. After granting Shaw additional time to obtain the transcript of the February 28, 2014 hearing, the Superior Court entered an order on July 8, 2014 that affirmed the Commissioner's February 28, 2014 and March 12 and 17, 2014 orders. The court ruled that BOA had met its "burden of proving that it is legally entitled to foreclosure," and that Shaw "did not present evidence to the contrary."[1]

(10)     Shaw did not appeal the Superior Court's July 8, 2014 order to this Court, as she had a right to do. Instead, on August 15 and August 25, 2014, Shaw

---

[1] *Bank of America v. Shaw*, 2014 WL 4956672, at ¶9 (Del. Super. July 8, 2014).

4

filed a motion and an amended motion for relief from judgment under Superior Court Civil Rule 60(b) ("Rule 60(b)").

(11) Under Rule 60(b), the Superior Court has discretion to relieve a party from a final judgment upon a showing of mistake, inadvertence, surprise, excusable neglect, newly-discovered evidence, fraud, misrepresentation or other misconduct, voidness, satisfaction, release, discharge, reversal or vacation of a prior judgment, or any other equitable reason justifying relief from judgment.[2] Shaw sought relief under Rule 60(b) on the basis of her previously rejected claims that BOA lacked standing to bring the action, and that the debt was discharged in bankruptcy. By order dated September 17, 2014, the Superior Court dismissed Shaw's Rule 60(b) motion as frivolous, noting that Shaw was "not entitled to litigate and re-litigate this mortgage foreclosure as she [sees] fit." This appeal followed.

(12) On appeal from the dismissal of her Rule 60(b) motion, Shaw continues to claim that BOA lacked standing to file the action, and that the debt was discharged in bankruptcy. Having carefully considered the parties' briefs on appeal and the Superior Court record, we find no error or abuse of discretion in the Superior Court's summary dismissal of Shaw's Rule 60(b) motion. It is clear from the record that Shaw's Rule 60(b) motion raised claims that were considered by the

---

[2] Del. Super. Ct. Civil R. 60(b).

5

Superior Court and denied as without merit in the court's order of July 8, 2014, which Shaw did not appeal. Under Delaware law, Shaw is prohibited from using her Rule 60(b) motion as a substitute for a timely-filed appeal from the Superior Court's July 8, 2014 order.[3] On appeal from the Superior Court's September 17, 2014 order, Shaw has failed to demonstrate the existence of mistake, inadvertence, surprise, excusable neglect, newly-discovered evidence, fraud, misrepresentation or other misconduct, voidness, satisfaction, release, discharge, reversal or vacation of a prior judgment, or any other equitable reason justifying relief from judgment, as required by Rule 60(b).

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

Justice

---

[3] *White v. State*, 2007 WL 604723 (Del. Feb. 28, 2007) (citing *State v. Skinner*, 632 A.2d 82, 84 (Del. 1993)).

6